LOEB, appellant, *v.* SCHMITH et al., respondents.

| 1 | 87 |
|---|---|
| 21 | 164 |
| 1 | 87 |
| e29 | 265 |
| 1 | 87 |
| f39 | 32 |

PRACTICE — *default set aside.* The setting aside of the default in this case was not an abuse of the discretion of the court below.

*Appeal from the Second District, Deer Lodge County.*

THIS was an action on a promissory note commenced by Loeb in the district court. The complaint was filed and summons was issued on July 25, 1867. The names of the parties on the complaint were "Leon Loeb *v.* Jacob Smith & Co., and Joseph Holzbauer *et al.*" The summons contained a notification to "Jacob Smith & Co. and Joseph Holtzbauer, Henry Apple." The sheriff made the follow-

ing return.: "Served the within by reading to Henry Apple, on 1st day of October, A. D. 1867, on Bear gulch, Territory and county within mentioned." Judgment by default was rendered at the October term, 1867, against "Jacob Smith & Co. and Jos. Holtsbor *et al.*" for $907.

On September 10, 1868, a new complaint, for the same cause of action, was filed by Loeb against eight defendants, who were separately named, and included "Henry Appel." This complaint alleged that the defendants were partners at the time the note was made, under the firm and style of "Jacob Schmith & Co." The summons, which contained the names of these defendants, including "Henry Appel," was issued on the same day. The sheriff's return showed that personal service had been made upon "Henry Apple," on September 12, 1868, by reading the summons, and delivering a true copy of the same and a certified copy of the complaint. On September 23, 1868, judgment by default was rendered in the district court for $1,427.57, against all the defendants, and also "against the separate property of the said defendant, Henry Apple." On the same day the defendant, "Apple," filed a demurrer to the complaint, and also a motion to set aside the judgment against him. On October 2, 1868, the affidavit of R. H. Williams, Esq., the attorney of "Eppel," was filed in support of this motion, and stated the following facts: That he wrote the demurrer in good faith, and forwarded it to be filed from Beartown (so-called); that he made a special agreement with the express agent (no United States mail being then established between Deer Lodge City and Beartown) to carry through and deliver the letter containing the demurrer; that three days of the statutory time to answer were yet to expire when the letter was expressed; that only one day is necessary to carry mail matter from Beartown, where the summons was served, to Deer Lodge City; and that through the delay of the express agent, and without any fault of "Eppel," the letter was not delivered until one day after the time for answering had expired.

That Appel had never been a member of the firm described

in the complaint; that judgment had been obtained at the October term, 1867, on the note sued upon; that said judgment was still valid, and no new cause of action had accrued; and that affiant had written to Eppel to be in court at 10 A. M. of October 2, 1868, and placed the letter post-paid in the U. S. post-office of Deer Lodge City four days ago, but had received no answer, and, therefore, affiant made this affidavit.

No other affidavits were filed.

The note was as follows:

"604.50.   One day hafter dayt we promise to pay to L. Loeb, or bearer, the sum of six hundred and four dollars 50c., for value received, whit interest from date at 5% per each month.

BEAR TOWN, *June* 30, 1866.

Mr. Loeb will stamp this
if stamps are had.

JACOB SCHMITH CO.,
JOSEPH HOLZBAUER.

JACOB SCHMITH CO.,
JOSEPH HOLZBAUER."

{ Internal Revenue,
{ 50 cts., canceled.

The court, KNOWLES, J., set aside the judgment on October 8, 1868, and allowed the defendants till 2 o'clock P. M. to answer, on the payment of all costs. The plaintiff excepted.

ROBINSON & STEPHENS, for appellant.

The court abused its discretion in setting aside the default. The affidavit on which the order was based was insufficient, and made by an improper party; and there was no answer with the affidavit. *Bailey* v. *Taafe*, 29 Cal. 422. Apple should have made the affidavit instead of Williams, his attorney. Apple used no diligence to appear within the statutory time. The sending of a frivolous demurrer by express, instead of an answer to parties, not known to the record, is not diligence. The affidavit must show that the default was the result of mistake, surprise, inadvertence or excusable neglect. Prac. Act 1867, 146, § 68; *Harlan* v. *Smith*, 6 Cal. 173; *People* v. *O' Connell*, 23 id. 281.

Every fact necessary to be shown to authorize the court to

VOL. I. — 12.

set aside the default must be shown by the affidavit of a person, who could testify upon the trial of the cause to the facts. Williams' knowledge is derived from the statements of others, and is not competent proof by affidavit to establish the connection of Apple with " Schmith & Co." Williams' affidavit is inconsistent. It shows that Apple was not a party to the note sued upon, and that a former judgment against Apple is in force, without any new cause of action accruing.

There should have been an answer with the affidavit, as the complaint was verified, and there was nothing from Apple under oath to indicate that he had a defense. See authorities cited above.

R. H. WILLIAMS, for respondent.
No brief on file.

WARREN, C. J. This is an appeal from an order of the second judicial district court setting aside a judgment entered in vacation by default, against Henry Eppel or Apple, one of the defendants below, with leave to answer, upon payment of costs. The setting aside of the default rested in the discretion of the court below upon the facts disclosed in the affidavit, and we see no such abuse of that discretion as calls for the interposition of this court.

The order is affirmed and the cause remanded.

*Exceptions overruled.*

KNOWLES, J., concurred.