No. 12874

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

LARRY STENSVAD in his own behalf and
as representing AGRI-SERVICES, INC.,
M-V ENTERPRISES, INC., M & S CATTLE FEEDERS
and L. D. STENSVAD CATTLE CO., all Montana
Corporations, and OTTO STENSVAD,

>Plaintiffs and Respondents,

-vs-

THE MONTANA NATIONAL BANK, formerly the
Miners and Merchants Bank of Roundup,
Montana,

>Defendant and Appellant.

---

Appeal from: District Court of the Fourteenth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Towe, Neely and Ball, Billings, Montana
Gerald F. Neely argued and Thomas Towe appeared,
Billings, Montana

For Respondents:

Moses, Tolliver, Kampfe & Wright, Billings, Montana
Kenneth D. Tolliver argued, Billings, Montana

---

Submitted: September 29, 1975

Decided: OCT 14 1975

Filed:

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the district court, Musselshell County. Respondents filed suit against appellant alleging a breach of contract to finance their feed lot and related operations, thereby causing the failure of said operations. On December 12, 1973, the district court entered a summary judgment against the respondents on all issues and in favor of appellant. Respondents moved to reconsider. After a hearing, on May 13, 1974, the summary judgment was ordered vacated and the cause set for trial. Appellant moved the district court to reconsider the vacation of the summary judgment, which motion was denied on September 16, 1974.

Appellant appeals from the order of May 13, 1974, vacating the summary judgment.

The controlling issue before this Court is whether the order vacating the summary judgment is an order from which an appeal may be taken.

Rule 1, M.R.App.Civ.P., subsections (b) and (c), set forth from what orders an aggrieved party may appeal. The order from which appellant wishes to appeal is not one of the enumerated orders contained in Rule 1.

The district court order is interlocutory in nature, that is, it is not final. The order vacates the summary judgment and sets the cause for trial. The rights of the parties have not been adjudicated, and will not be until such trial.

The general rule on the necessity of a final judgment prior to an appeal is set forth in 4 C.J.S. Appeal and Error § 153, at page 511:

> "An appeal or writ of error can be entertained
> only where a final judgment, order, or decree
> or an appealable interlocutory one, showing in-
> trinsically, and not inferentially, an adjudication

> of the parties' rights, has actually been rendered
> or made."

Montana follows this rule. The decision by this Court in Schultz v. Adams, 161 Mont. 463, 507 P.2d 530, clearly states the rule that a final judgment is necessary before an appeal may be taken. The Schultz case extensively sets forth the authority for the rule as applied in Montana.

For the foregoing reason we find the order vacating the summary judgment is not an appealable order. This cause is remanded to the district court for trial as ordered.

---------------------------------------
Chief Justice

We concur:

_Wesley Castles_
_____

_John Harrison_
_____

_Frank I. Haswell_
_____

_Gene B. Daly_
_____
Justices