No. 14262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

RICHARD F. WINTER and LINDA LEE WINTER,
husband and wife,

     Plaintiffs and Respondents,

 -vs-

JUNE RHODES, DON DIEHL, and
DELBERT GRIFFIN,

     Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
     Honorable Edward T. Dussault, Judge presiding.

Counsel of Record:

 For Appellants:

  Garlington, Lohn and Robinson, Missoula, Montana
  Gary L. Graham argued, Missoula, Montana

 For Respondents:

  Murray and Holt, Missoula, Montana
  Harold L. Holt argued, Missoula, Montana

---

      Submitted: October 13, 1978

       Decided: JAN 29 1979

Filed: JAN 29 1979

    _Thomas J. Kearney_
         Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This negligence action was commenced on March 8, 1974. Defendants' motion for summary judgment was granted on February 18, 1975. On February 3, 1978, plaintiffs moved to set aside the 1975 summary judgment. On February 21, 1978, exactly three years after summary judgment had been entered in favor of defendants, the District Court for the Fourth Judicial District, the Honorable Edward Dussault presiding, vacated the previous summary judgment and placed the matter on the court's pretrial conference calendar. Defendants appealed from this order and plaintiffs have moved to dismiss the appeal. Oral argument was heard but limited to the issue raised in plaintiff-respondents' motion to dismiss this appeal.

Plaintiff Richard Winter was permanently disabled when defendant Delbert Griffin, employed by defendants June Rhodes and Don Diehl, knocked a log off Richard Winter's truck while he was loading it. The log struck Winter, severing his spinal cord.

The District Court granted summary judgment on the authority of Fiscus v. Beartooth (1974), 164 Mont. 319, 522 P.2d 87. On January 8, 1978, the Fiscus decision was overruled by this Court's decision in Piper v. Lockwood (1978), ___Mont.___, 573 P.2d 646, 35 St.Rep. 9. Subsequently, the District Court vacated the previous summary judgment and defendants appealed.

This motion to dismiss concerns the appealability of the February 21 order. More specifically, the issue presented in plaintiffs' motion to dismiss is whether an order vacating summary judgment is appealable as an order entered after final judgment.

Plaintiffs, the moving party, argue that the decision in Stensvad v. Montana National Bank (1975), 168 Mont. 167, 541 P.2d 768, controls this situation. In Stensvad this Court found an order vacating summary judgment interlocutory in nature and,

therefore, not appealable. Defendants contend the February 21, 1978 order is an appealable order as a "special order made after final judgment" as delineated in Rule 1(b), M.R.App.Civ.P.

Rule 1, M.R.App.Civ.P., does not specifically mention an order vacating summary judgment as an appealable order. The only time this Court has considered whether an order vacating a summary judgment is appealable was in <u>Stensvad</u>. At that time we expressly held that it was not.

> "The controlling issue before this Court is whether the order vacating the summary judgment is an order from which an appeal may be taken.
>
> "Rule 1, M.R.App.Civ.P., subsections (b) and (c), set forth from what orders an aggrieved party may appeal. The order from which appellant wishes to appeal is not one of the enumerated orders contained in Rule 1.
>
> "The district court order is interlocutory in nature, that is, it is not final. The order vacates the summary judgment and sets the cause for trial. The rights of the parties have not been adjudicated, and will not be until such trial." <u>Stensvad</u>, 168 Mont. at 168, 541 P.2d at 768.

The instant case falls within the rule enunciated in <u>Stensvad</u>.

THEREFORE, IT IS HEREBY ORDERED that the appeal is dismissed but without prejudice to the filing of an application for a writ of supervisory control.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate in the cause.   - 3 -