WALTER E. SHIELDS, Plaintiff and Appellant, v. PIRKLE RE-
FRIGERATED FREIGHT LINES, INC., WESTERN SUPPLY,
INC., AND SHERMAN ARTHUR MOORE, Defendants and Re-
spondents.

No. 14087.
Submitted Fed. 5, 1979.
Decided March 12, 1979.
591 P.2d 1120.

Knight, Dahood, Mackey & McLean, Anaconda, Conde F. Mackay argued, Anaconda for plaintiff and appellant.

Towe, Ball & Enright, Billings, waived appearance, for defendants and respondents.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Plaintiff appeals from an order of the District Court, Gallatin County, granting the motion of defendant Western Supply, Inc. for relief from judgment entered against Western Supply, Inc. three years previously.

On March 11, 1974, a complaint was filed in the District Court, Gallatin County, alleging that the negligence of Sherman A. Moore, while operating a vehicle in the course of his employment by Pirkle Refrigerated Freight Lines, Inc. or Western Supply, Inc., had caused injuries to plaintiff Walter E. Shields. Subsequently, on April 3, 1974, an affidavit was filed by plaintiff's counsel stating that defendants Western Supply, Inc. and Pirkle Refrigerated Freight Lines "cannot with the exercise of due diligence be found or served personally within Montana", so that service of process

would have to be effected by service upon the Secretary of State of Montana pursuant to Rules 4D(2)(f) and 4D(6)(a), M.R.Civ.P. The affidavit was not in strict compliance with Rule 4D in that it did not meet the requirement of listing a last know address for the person to be served, or recite the required statement in lieu thereof that after exercise of reasonable diligence no such address could be found. Further, the language used in the affidavit was different from that which the Rule specified should be recited.

At the time the affidavit was filed, Western Supply, Inc. was a Montana corporation in good standing. A copy of its annual report was on record with the office of the Secretary of State, listing the name and address of its registered agent and various officers.

On April 4, 1974, the summons and complaint were served on the Secretary of State. The Secretary of State's office consulted its files, ascertained that the registered agent of Western Supply, Inc. was Thomas Towe of Billings, and as required under Rule 4D, forwarded the summons and complaint and a copy of plaintiff's affidavit to Towe by certified mail. Towe then mailed the papers to Western Supply Inc., and enclosed a note stating (on the basis of what he saw as deficiencies in the affidavit) that the Montana law for service of process had not been complied with and such noncompliance raised a question of whether the service would be ineffective to attach jurisdiction. Western Supply, Inc. received the summons and complaint, but on the basis of the assumed jurisdictional defect chose to ignore it. Thereafter, on October 7, 1974, no responsive pleading having been filed by Western Supply, Inc., default judgment was entered against it.

Three years later, on October 6, 1977, Western Supply, Inc. filed a motion for relief from judgment under Rule 60(b)(4), M.R. Civ.P., alleging that it had never been properly served and that therefore the default judgment was void for lack of jurisdiction. The motion also alleged that Western Supply, Inc. had a valid defense to the action in that its only connection to the accident at issue was that it had leased the vehicle involved to the other defendants. There is no explanation anywhere in the record why Western Supply, Inc.

waited three years before taking steps to invalidate the default judgment.

Despite the delay, the District Court, after hearing the submission of briefs, granted Western Supply's motion and ordered the default set aside. In a memorandum accompanying the order, Judge W. W. Lessley reasoned that plaintiff had failed to inquire with due diligence as to whom he might serve, that service on the Secretary of State was therefore not effective, and that "proper service, according to the requirements of the rule, is absolutely necessary regardless of any notice actually received."

Plaintiff subsequently moved for reconsideration of the order and submitted an affidavit from his counsel's secretary that she had telephoned the Secretary of State's office and asked for the name of the registered agent of Western Supply, Inc., but was told there was none. Plaintiff's contention that this negated the finding of lack of due diligence was rejected by the court, and the motion for reconsideration was denied. This appeal followed.

Defendant has filed a motion to dismiss the appeal, contending that an order setting aside a default judgment is not appealable.

The issues arising out of this set of circumstances can be framed as follows:

I. Whether an order granting a motion to set aside a default judgment is appealable.

II. Whether it was error, on the circumstances present here, for the District Court to order the setting aside of the default judgment entered against Western Supply, Inc.

This Court has many times in the past entertained appeals from orders granting motions to set aside default judgments. The first such reported case dates back to the mid-nineteenth century. *Loeb v. Schmith* (1868), 1 Mont. 87. Such an appeal has also been heard as recently as 1973. *Sikorski & Sons, Inc. v. Sikorski* (1973), 162 Mont. 442, 512 P.2d 1147. In all this long history, the appealability of orders granting motions to set aside default judgments has never been specifically questioned. We find no Montana cases hold-

ing that such orders may be appealed from. There is, however, dictum to the effect.

In *State ex rel. Deck v. District Court* (1922), 64 Mont. 110, 207 P. 1004, a default judgment had been entered but was subsequently vacated. Thereafter, the order vacating the default judgment was set aside. The issue was whether the defendant's remedy was by appeal or by writ of review. Holding that appeal was the proper remedy, the Court said: "An order setting aside or refusing to vacate a default judgment is a special order made after final judgment within the meaning of the statute . . ." [referring to sec. 9732, Rev. Codes 1921, which authorized appeal " 'from any special order made after final judgment' "]; "and the same is true of an order made vacating an order setting aside a default judgment, as was done in this case." *Deck*, 64 Mont. at 112, 207 P. at 1005.

This dictum in *Deck* embraces what is clearly the minority position. The rule in most jurisdictions is that an order vacating a default judgment merely leaves the parties free to try the case on the merits and is therefore not a final appealable ruling. Annot. 8 A.L.R.3d 1272. Montana law, however, has a feature not found in the forums adopting the majority which must be taken into consideration.

Rule 1, M.R.App.Civ.P., progeny of the statute construed in *Deck*, supra, provides in pertinent part that "A party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases: . . . (b) . . . from any special order made after final judgment . . ." Appellant in this case argues that an order setting aside a default judgment falls within the purview of that portion of the Rule. Respondent contends in this regard that *Stensvad v. Montana National Bank* (1975), 168 Mont. 167, 541 P.2d 768, applies to this case by analogy and is controlling.

In *Stensvad* we held that only those orders enumerated in Rule 1, M.R.App.Civ.P. were final and appealable and that an appeal from an order vacating a summary judgment therefore was not permitted because not mentioned in the Rule. We did not address in

*Stensvad* the issue of whether an order vacating a summary judgment was a "special order made after final judgment". We have, however, settled that issue in the recent case of *Winter v. Rhodes* (1979), 180 Mont. 217, 589 P.2d 1021, where we rejected the contention that an order vacating a summary judgment was appealable as a special order made after final judgment.

The upshot of *Stensvad* and *Winter* is that unless a judgment or order sought to be appealed from is specifically mentioned in Rule 1, M.R.App.Civ.P., it is not appealable. The analogy drawn by respondent between an order vacating a summary judgment as in *Stensvad* and the order vacating a default as involved here is persuasive. Further, in the only case from a jurisdiction which has an appellant rule similar to Montana's in this regard where the meaning of the term "special order made after final judgment" has been discussed at any length, it was held that an order vacating a default judgment does not come within the meaning of that term. *Farrell v. DeClue* (1963 Mo.App.) 365 S.W.2d 68. Accordingly, we hereby repudiate our dictum in *Deck* and adopt from Montana the rule followed in the majority of jurisdictions that an order granting a motion to vacate a default judgment is nonappealable. As with every general rule, however, there are exceptions. Annot. 8 A.L.R. 3d 1272. Such is the case on the circumstances present here.

As previousy mentioned, the basis for the holdings that an order setting aside a default judgment is not appealable is that such orders are interlocutory in character, merely leaving the parties in a position to try the case. This underlying rationale does not apply where the order sets aside the default on jurisdictional grounds that do not admit of correction. Such an order, in effect, finally concludes the case and the rights of the parties; that is, it becomes a final judgment. If the District Court here correctly concluded that service was not properly made on Western Supply, Inc. then, stripping form from substance, this case is finally concluded as to that defendant for the reason that Rule 41(e), M.R.Civ.P. provides for dismissal of an action where, as here, no service or return has been made within three years after commencement of the action. Thus,

we hold that where, as here, a default judgment is vacated on jurisdictional grounds that are not correctible, the order of the District Court vacating the default judgment amounts to a final judgment from which an appeal can be taken.

Turning now to the merits of the appeal, we conclude that the District Court was correct in setting aside the default judgment against Western Supply, Inc. as void under Rule 60(b)(4), M.R. Civ.P. for failure of service of process.

Rule 4D(2)(e), M.R.Civ.P., lists the parties to whom a copy of the summons and complaint can be delivered to perfect service of process upon a domestic or foreign corporation. Rule 4D(2)(f), the rule under which service was attempted here, provides in pertinent part:

"When a claim for relief is pending in any court of this state against a corporation organized under the laws of this state . . . and none of the persons designated in D(2)(e) immediately above can with the exercise of reasonaable diligence be found within Montana, the party causing summons to be issued shall exercise reasonable diligence to ascertain the last known address of any such person. Upon the filing with the clerk of court in which the claim for relief is pending of an affidavit reciting that none of the persons designated in D(2)(e) can after due diligence be found within Montana upon whom service of process can be made, and reciting the last know address of any such person, or reciting that after the exercise of reasonable diligence no such address for any such person could be found . . . then the clerk of court shall issue an order directing process to be served upon the secretary of state of the state of Montana or, in his absence from his office, upon the deputy secretary of the state of the state of Montana. Such affidavits shall be sufficient evidence of the diligence of inquiry made by affiant, if the affidavit recites that diligent inquiry was made, and the affidavit need not detail the facts constituting such inquiry . . ."

At the outset, we note that "substituted service" as used in a narrow sense is distinguishable from "constructive service", but the terms in a broad sense are equivalent. 72 C.J.S. Process § 43. The authorities cited below uses the terms interchangeably.

As a general rule,

"The procedure prescribed by the statute for constructive or sub-stituted service must be strictly pursued in order that the judgment may be sustainable. . . . Under statutes providing for substituted service of process upon public official, the formalities and re-quisites prescribed by statute for such service must be complied with.

". . . a strict and literal compliance with the provisions of the law must be shown in order to support the judgment based on . . . sub-stituted or constructive service. . . ." 62 Am.Jur.2d Process § 68.

We have found several cases, with factual circumstances similar to those here, where substituted service upon a corporation was in-effective to obtain jurisdiction because of failure to strictly comply with the requirements of the statute. *Pease Bros., Inc. v. American Pipe & Supply Co.* (Wyo.1974), 522 P.2d 996; *Lexington Develop-ers v. O'Neal Construction Co., Inc.* (1977), 142 Ga.App. 434, 236 S.E.2d 98, reversed on other grounds, 240 Ga. 376, 240 S.E.2d 856; *Murdock v. Blake* (1971), 26 Utah 2d 22, 484 P.2d 164. The most recent Montana case in point, *Hinton v. Staunton* (1951), 124 Mont. 534, 228 P.2d 461, embraces a more liberal "substantial compliance" standard for meeting the requirements of construc-tive service, but on the circumstances present here, and in the face of the overwhelming contrary authority, *Hinton* is not controlling.

In *Murdock*, supra, it was held that even though plaintiff's counsel may have received misinformation from the office of the secretary of state to the effect that the defendant corporation was not qualified to do business in the state, a default judgment was void for lack of proper service. It was also one of plaintiff's pri-mary arguments here that because his secretary was allegedly mis-informed by the Secretary of State's office, he could not be faulted for lack of diligence. The handwritten notes of the secretary which were taken down when she telephoned for the information about Western Supply, Inc. were submitted with her affidavit. Those notes indicate she was informed that Western Supply was a "gyp-po" outfit with no I.C.C. authority. We take judicial notice of the

fact that this information is not the kind of data that would be on record with or available from the Secretary of State. 29 Am.Jur.2d Evidence § 42; 5 Am.Jur.2d Appeal and Error §§ 739 and 740. It is apparent to us that plaintiff's counsel's secretary had erroneously contacted some other agency, most likely the Public Service Commision, rather than the Secretary of State. Thus, even without reference to *Murdock*, supra, plaintiff's contentions in this regard are not persuasive.

Further, the fatal flaw in the service here was not merely in a lack of due diligence, but also in the failure to submit a proper and sufficient affidavit in compliance with Rule 4D(2)(f), M.R. Civ.P., in support of substituted service on the secretary of state. The affidavit did not list the last known address of the person to be served or recite in lieu thereof that "after the exercise of reasonable diligence no such address for any such person could be found". Rule 4D(2)(f), M.R.Civ.P. The affidavit is defective and insufficient to authorize the entry of an order for substituted service on the Secretary of State. Jurisdiction cannot be acquired without strict compliance with the statute. Therefore, the service conferred no jurisdiction and the default judgment entered thereon was void.

Plaintiff argues that even if service was so improper as to render the judgment void for lack of jurisdiction, nonetheless defendant is estopped or barred by laches from having the default set aside now. As previously noted, defendants' motion for relief here was made under Rule 60(b)(4), M.R.Civ.P., authorizing relief from void judgments. There is no time limit on an attack on a judgment as void under Rule 60(b)(4). "A void judgment cannot acquire validity because of laches on the part of the judgment debtor." 11 Wright & Miller, Federal Practice and Procedure: Civil § 2862 (construing Rule 60(b)(4), F.R.Civ.P., which is identical to the similarly numbered Montana rule).

In closing, we note that our adoption here of the general rule that no appeal may be taken from an order granting a motion to vacate a default judgment in no way affects the rights of the parties that were finally adjudicated in prior appeals we heard from such

orders where the issue of their appealability never arose. We also note that there was no question involved here of whether an order *refusing* to vacate a default judgment is appealable. The authorities are in accord that the latter are final judgments from which an appeal is allowed. Annot. 8 A.L.R.3d 1272. Indeed, it appears that is is just such orders refusing to disturb final judgments that are contemplated in the phrase "special order made after final judgment" in Rule 1, M.R.App.Civ.P. and the similar statutes from other jurisdictions. Thus, the prohibition in *Stensvad*, supra, and *Winter*, supra, against appeals from any order or judgment not specifically included in Rule 1, M.R.App.Civ.P., does not apply to orders refusing to disturb default judgments because they are encompassed by the phrase "special order made after final judgment".

The order of the District Court granting the motion of respondent for relief from judgment and vacating the default judgment previously entered against Western Supply, Inc. is affirmed.

MR. JUSTICE DALY, HARRISON, SHEA and SHEEHY concur.