No. 80-202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

RICHARD KINION,

Plaintiff and Appellant,

vs.

DESIGN SYSTEMS, INC.,
A Montana Corporation,
Ted T. Topolski, Bill Childers,
Larry Dauenhauer,

Defendants

and

SECURITY TRUST and SAVINGS BANK,

Defendant and Respondent.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

C. L. Overfelt argued, Great Falls, Montana

For Respondent:

Crowley, Haughey, Hanson, Toole and Dietrich,
Billings, Montana
Ronald Lodders argued, Billings, Montana

Submitted: November 20, 1980

Decided: DEC 2 4 1980

Filed: DEC 2 4 1980

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Richard Kinion brought a breach of contract action against defendant Design Systems, Inc., the Security Trust and Savings Bank (Security Bank), and several others in July 1978. A default judgment was entered against defendants Design Systems, Inc. (Design) and Security Bank by the Cascade County District Court on December 27, 1978. Security Bank moved to set aside the default judgment on March 10, 1980. Judge Coder entered an order setting aside the default judgment on March 27, 1980. Richard Kinion timely filed a notice of appeal from the District Court order and on June 3, 1980, filed an application for a writ of supervisory control.

We hold that the District Court order is interlocutory and nonappealable and that the present case is inappropriate for the exercise of supervisory control.

In Shields v. Pirkle Refrigerated Freightlines (1979), ____ Mont.____ , 591 P.2d 1120, 36 St.Rep. 472, we specifically held that an order vacating a default judgment is only appealable as a final judgment under Rule 1, M.R.App.Civ.P., if the result of the order is to finally dispose of the case. In the present case the order vacating the default judgment left the case pending in the Cascade County District Court for a trial on the merits. As a result, no final judgment was entered, the District Court order was interlocutory and the appeal is not properly before this Court.

Kinion's application for a writ of supervisory control was filed to allow this Court a means of granting him relief in the event we determined, as we have, that this case is nonappealable. He asserts that the issuance of a writ of supervisory control in the present case would be proper since the alternative remedy, a trial on the merits, is wholly inadequate. Plaintiff further

- 2 -

asserts that a writ should issue to prevent needless litigation.

A similar issue was presented in Fitzgerald v. Aetna Ins. Co. (1978), 176 Mont. 186, 577 P.2d 370. In that case, Aetna appealed from a District Court order which granted the plaintiff a partial summary judgment. Aetna also sought a writ of supervisory control with regard to a District Court order denying a motion to strike two counts of plaintiff's complaint. This Court stated that the order was interlocutory and therefore reviewable only upon a final judgment under Rules 1 and 2, M.R.App.Civ.P. Our holding, which follows, also disposes of the supervisory control issue in the present case:

> ". . . To permit review of such an order prior to final judgment through the device of supervisory control or other extraordinary writ is to accomplish indirectly that which cannot be done directly. See State ex rel. Kosena v. District Court (1977), 172 Mont. 21, 560 P.2d 522. Accordingly, we decline to review the District Court's denial of defendant's motion to strike at this time as the issue is not properly before us." 176 Mont. at 195, 577 P.2d at 375.

The appeal is accordingly dismissed without prejudice, the application for a writ of supervisory control is denied and the case is remanded to the District Court for further proceedings.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 2 -