No. 81-304

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF
PATRICIA A. REX,

                    Plaintiff and Respondent,

    and

CALVIN T. REX,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula
              Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Morales, Volinkaty & Harr, Missoula, Montana

    For Respondent:

        Anthony Keast, Missoula, Montana

---

                    Submitted on briefs:  June 24, 1982

                            Decided: August 11, 1982

Filed: AUG 11 1982

Thomas J. Kearney
                                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Husband appeals from an order dated September 24, 1980, which imposed a sanction of $400 in attorney fees to be paid by him to wife's counsel as a condition precedent to setting aside a default entered against him on August 4, 1980.

Two issues are presented to this Court: First, whether the notice of appeal was filed in a timely manner; secondly, whether the District Court abused its discretion in imposing a sanction of attorney fees as a condition precedent to setting aside the default.

On August 4, 1980, hearing was held by the District Court on two consolidated motions offered by respondent wife that requested the District Court (1) to hold appellant husband in contempt of court for arrearage in child support payments and (2) to amend a prior support order nunc pro tunc to reflect appellant father's responsibility for the children's medical deductibles and any medical costs exceeding the insurance coverage provided by the father's employer. Appellant did not appear either personally or by counsel. No continuance had been obtained by appellant.

The District Court heard and granted the consolidated motions, defaulting appellant for failure to appear. Later that day, appellant's counsel moved the District Court to set aside the default. This motion was argued on August 18, 1980. Appellant's counsel contended that local custom and professional courtesy required the District Court and opposing counsel to make inquiry into appellant's counsel's absence from law and motion prior to allowing default to be taken. Appellant's counsel also argued excusable neglect

-2-

based upon numerous informal attempts he had taken to obtain a continuance.

The District Court took the matter under advisement and, on September 23, 1980, handed down an order which enunciated that local custom provided for contacting attorneys to remind them of hearings in which only legal matters would be decided and not in instances where factual matters would be contested. The District Court did find excusable neglect but required appellant to pay $400 in attorney fees to respondent's counsel as a condition precedent to setting aside of the default. It is from this order that appellant appeals. Notice of appeal was filed on June 2, 1981.

This Court may consider a matter on appeal only when appeal is taken pursuant to the Montana Rules of Appellate Civil Procedure. Rule 1, M.R.App.Civ.P., confers jurisdiction upon this Court to hear an appeal in specific cases, which include "a final judgment entered in an action or special proceeding commenced in a district court" and "from any special order made after final judgment." An appeal from any special order made after final judgment includes an order setting aside or refusing to vacate a default judgment. State ex rel. Deck v. District Court (1922), 64 Mont. 110, 112, 207 P. 1004, 1005. Rule 5, M.R.App.Civ.P., requires that notice of appeal must then be filed within thirty days of entry of judgment or order or within thirty days of service of notice of entry of judgment or order when notice is so required by Rule 77(d), M.R.Civ.P. Such notice of entry of judgment is required to be served after entry of judgment or order to "each party who is not in default for failure to appear" and is to be then noted in the docket.

Rule 77(d), M.R.Civ.P.

In the instant case, a careful examination of the District Court file reveals that no final judgment was entered after the August 4, 1980, default. Nor was the order entered on September 23, 1980, a final order. No service of notice of entry of judgment or order was made to either appellant or respondent in relation to either the default of August 4, 1980, or the order of September 23, 1980. This Court does not have jurisdiction of this matter. Until final judgment is entered, any appeal is premature.

Dismissed without prejudice for lack of jurisdiction.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

-4-