# MARK N. ROBERTS,
## Plaintiff/Appellant,
### v.
# EMPIRE FIRE AND MARINE INSURANCE COMPANY,
## Defendant/Respondent.

No. 96-127.
Ordered April 23, 1996.
53 St.Rep. 359.
276 Mont. 225.
915 P.2d 872.

## OPINION AND ORDER

This matter comes before the Court on defendant Empire Fire and Marine Insurance Company's motion to dismiss plaintiff Mark Roberts' appeal for lack of jurisdiction.

## FACTS

Roberts filed a complaint against Empire in the Eighteenth Judicial District Court, Gallatin County, alleging unfair insurance claims practices in the settlement of an automobile property damage claim.

On May 22, 1995, the District Court entered judgment of liability by default against Empire and on October 2, 1995, a hearing to determine compensatory and punitive damages was held. On October 19, 1995, the District Court entered its findings of fact, conclusions of law, and final judgment against Empire in the amount of $615,000.

On December 4, 1995, after final judgment had been filed in the District Court of the State of Nebraska (the state where Empire is incorporated) Empire filed a motion for relief from judgment pursuant to Rule 60(b)(1) and (6), M.R.Civ.P. Empire claimed that Roberts' complaint was misfiled through mistake, inadvertence, or excusable neglect and, in the alternative, that relief should be granted due to the extraordinary circumstances of the case, including the substantial amount of money awarded.

On February 2, 1996, the District Court set aside the default judgment and on February 20, 1996, the court entered its memorandum in support of order. The District Court stated that Rule 60(b)(1), M.R.Civ.P., "provides a basic correction system for protecting the legal process from errors caused by neglect, inadvertence, and mistake—clearly, improper foundations upon which to base legal judgments."

On February 5, 1996, Roberts filed a notice of appeal with this Court and on March 28, 1996, Empire filed a motion to dismiss Roberts' appeal for lack of jurisdiction, claiming that an order granting a motion to vacate a default judgment is nonappealable.

## DISCUSSION

Rule 1, M.R.App.P., provides in pertinent part:

(b) In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:

(2) ... from any special order made after final judgment ....

Empire relies on *Shields v. Pirkle Refrigerated Freightlines* (1979), 181 Mont. 37, 591 P.2d 1120, and *Kinion v. Design Systems, Inc.*, (1980), 190 Mont. 226, 620 P.2d 852. In *Shields* we stated:

In all this long history, the appealability of orders granting motions to set aside default judgments has never been specifically ques-

tioned. We find no Montana cases holding that such orders may be appealed from. There is, however, dictum to the effect. *Shields*, 591 P.2d at 1122. The *Shields* Court noted such dictum in *State ex rel. Deck v. District Court*, (1922), 64 Mont. 110, 207 P. 1004, where we stated that "[a]n order setting aside or refusing to vacate a default judgment is a special order made after final judgment within the meaning of the statute" *Deck*, 207 P. at 1005. One year later in *Kinion* we stated:

In [*Shields*] we specifically held that an order vacating a default a default judgment is only appealable as a final judgment under Rule 1, M.R.App.Civ.P., if the result of the order is to finally dispose of the case. In the present case the order vacating the default judgment left the case pending in the Cascade County District Court for a trial on the merits. As a result, no final judgment was entered, the District Court order was interlocutory and the appeal is not properly before this Court.

*Kinion*, 620 P.2d at 853.

Roberts argues that the District Court's damages judgment was a "final judgment" and that the court's order granting Empire's motion for relief from judgment was a "special order made after final judgment." Thus, according to Roberts, this Court has jurisdiction to consider his appeal. Roberts relies on *In re Marriage of Rex* (1982), 199 Mont. 328, 649 P.2d 460, and *In re Marriage of Martin* (1994), 265 Mont. 95, 874 P.2d 1219. In *Rex* we stated that "[a]n appeal from any special order made after final judgment includes an order setting aside or refusing to vacate a default judgment." *Rex*, 649 P.2d at 461. Likewise, in *Martin* we stated that "[a]n order made after final judgment setting aside or refusing to vacate a default judgment is a special order". *Martin*, 874 P.2d at 1222.

*Rex* and *Martin* do not reference or distinguish the *Shields* rule, and as a result there is confusion in this area as to whether an order setting aside a default judgment is appealable under Rule 1(b)(2), M.R.App.P. We take this opportunity to clarify this area and find that *Rex* and *Martin* more accurately reflect the plain language of Rule 1(b)(2), M.R.App.P.

In the present case, final judgment on liability and damages was entered against Empire and the District Court's order setting aside the default judgment was a special order made after final judgment. We therefore conclude, based on the clear language of Rule 1(b)(2), M.R.App.P., that this Court has jurisdiction over Roberts' appeal from the District Court's order setting aside the default judgment. To the

extent *Shields* and *Kinion* are inconsistent with this opinion and order they are hereby overruled. Therefore,

IT IS HEREBY ORDERED that Empire's motion to dismiss Roberts' appeal for lack of jurisdiction is DENIED.

The Clerk is directed to mail copies of this order to counsel of record and to the Clerk of Court for the Eighteenth Judicial District, Gallatin County.

DATED this 23rd day of April, 1996.

/S/ J. A. TURNAGE
/S/ CHARLES E. ERDMANN
/S/ JAMES C. NELSON
/S/ WILLIAM E. HUNT, SR.
/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART