No. 96-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


WRIGHT OIL & TIRE CO.,
an Idaho Corporation,

Plaintiff and Respondent,

v.

STEVE GOODRICH, d/b/a WEST GATE
TEXACO and WEST YELLOWSTONE
SNOWMOBILE RENTALS, INC.,

Defendants and Appellants.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Gerald J. Neely, Attorney at Law, Billings, Montana

For Respondent:

Holly B. Brown, Attorney at Law, Bozeman, Montana


Submitted on Briefs: April 3, 1997

Decided:   August 5, 1997
Filed:


_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Steve Goodrich, doing business as Westgate Texaco (Goodrich), and West Yellowstone Snowmobile Rentals, Inc. (WYSR) appeal from the order of the Eighteenth Judicial District Court, Gallatin County, granting the motion for relief from judgment filed by Wright Oil & Tire Company (Wright Oil). We reverse.

We address the following issues on appeal:

1. Does this Court have jurisdiction to consider this appeal?

2. Did the District Court abuse its discretion in granting Wright Oil's motion for relief from judgment pursuant to Rule 60(b)(6), M.R.Civ.P.?

## FACTUAL BACKGROUND

Wright Oil is an Idaho corporation in the business of providing wholesale petroleum products to other businesses. On November 9, 1994, Wright Oil filed a complaint against Goodrich to collect amounts allegedly due for wholesale fuel purchased by Goodrich. In his answer to the complaint, Goodrich denied owing the amount stated and alleged as an affirmative defense that the products purchased from Wright Oil were for the sole use and benefit of WYSR and that Wright Oil had failed to serve the proper party. Additionally, in discovery responses, Goodrich stated that the Westgate Texaco station was wholly owned by WYSR. Thereafter, Wright Oil amended its complaint to add WYSR as a defendant and allege that it also owed Wright Oil for the wholesale fuel. WYSR answered the amended complaint and denied that it owed Wright Oil the amount stated.

A bench trial was held, following which the District Court entered findings of fact and conclusions of law. The court concluded that Goodrich owed Wright Oil $25,474.54, plus finance charges, and that no evidence of record indicated the existence of either a contractual relationship between WYSR and Wright Oil or the alleged relationship between WYSR and Goodrich. The District Court entered judgment against Goodrich only on March 26, 1996, and notice of entry of judgment was filed on April 2, 1996.

On May 24, 1996, Wright Oil filed a Rule 60(b)(6), M.R.Civ.P., motion for relief from the judgment. It sought relief from the District Court's denial of a judgment against WYSR and requested consideration of evidence in Wright Oil's possession, but not presented at trial, which allegedly established that WYSR was the party responsible for payment of the amounts due. The District Court granted Wright Oil's motion and ordered an evidentiary hearing, permitting Wright Oil to reopen its case regarding whether WYSR should be held liable for the amounts due. Goodrich and WYSR appeal.

## DISCUSSION

1. Does this Court have jurisdiction to consider this appeal?

As a threshold matter, Wright Oil argues that this Court does not have

jurisdiction
to entertain Goodrich's and WYSR's appeal because the District Court's order granting Wright Oil's motion for relief from judgment is not a final judgment from which an appeal may be taken pursuant to Rule 1(b), M.R.App.P.  We disagree.

Rule 1(b), M.R.App.P., provides, in part, that

[i]n civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:
(1) From a final judgment entered in an action or special proceeding commenced in a district court . . . .
(2) From an order granting a new trial; or . . . from any special order made after final judgment . . . .

In this case, the District Court entered judgment on its findings of fact and conclusions of law on March 26, 1996, thus entering a final determination of the parties' rights.  See Rule 54(a), M.R.Civ.P.  That was the "final judgment" in the action for Rule 1(b)(1) purposes and it is clear that Goodrich's and WYSR's appeal was not taken from that final judgment.  Rule 1(b)(2), M.R.App.P., however, authorizes an appeal from a special order made after final judgment, and we have held that an order granting a motion for relief from judgment is a special order made after final judgment which is appealable under that Rule.  See Roberts v. Empire Fire and Marine Ins. Co. (1996), 276 Mont. 225, 227, 915 P.2d 872, 873.  We conclude, therefore, that Goodrich's and WYSR's appeal from the District Court's order granting Wright Oil's motion for relief from judgment is properly before us and we have jurisdiction to entertain it.

2.  Did the District Court err in granting Wright Oil's motion for relief from judgment pursuant to Rule 60(b)(6), M.R.Civ.P.?

Wright Oil's Rule 60(b)(6) motion was premised on its assertion that Goodrich and WYSR improperly changed their position regarding WYSR's liability for the debt in their posttrial proposed findings of fact and conclusions of law.  Wright Oil argued that Goodrich's answer to the complaint and answers to interrogatories, WYSR's answer to the amended complaint, and  the agreed facts and issues of law in the pretrial order misled it into believing that WYSR's liability for the debt was not an issue at trial and, as a result, it did not present evidence regarding the relationship between Goodrich and WYSR.

After reviewing the parties' briefs on Wright Oil's motion and the additional evidence submitted by Wright Oil, the District Court determined that it would be inequitable to allow the judgment absolving WYSR from liability to stand.  On that basis, the court granted Wright Oil's motion for relief from the judgment and ordered an evidentiary hearing on the issue of WYSR's liability.

Our review of a district court's ruling on a Rule 60(b) motion for relief from judgment depends on whether or not the judgment was set aside.  Karlen v. Evans (1996), 276 Mont. 181, 185, 915 P.2d 232, 235.  Where, as here, the district court set the judgment aside and the appellant requests that it be reinstated, reversal is

warranted
only upon a showing of manifest abuse of discretion.  Karlen, 915 P.2d at 235 (citation
omitted).

Relief is appropriate under Rule 60(b)(6), M.R.Civ.P., only in extraordinary circumstances which go beyond those covered by the first five subsections of the rule. Falcon v. Faulkner (1995), 273 Mont. 327, 333, 903 P.2d 197, 201 (citation omitted). A motion for relief pursuant to Rule 60(b)(6) must contain more than just a request for a rehearing or a request that the court change its mind.  Lussy v. Dye (1985), 215 Mont. 91, 93, 695 P.2d 465, 466.  "It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified."  Lussy, 695 P.2d at 466.

Goodrich and WYSR contend that the District Court abused its discretion in granting Wright Oil's motion for relief from judgment because Wright Oil failed to establish that the circumstances of the case were so extraordinary as to warrant relief under Rule 60(b)(6), M.R.Civ.P.  They argue that WYSR did not misrepresent its position regarding its liability for the amounts due and, thereby, prevent Wright Oil from fully presenting its case, as Wright Oil asserted; rather, Wright Oil simply failed to provide testimony or other evidence at trial proving its allegations against WYSR. We agree.

At the outset, we observe that "[t]he initial burden of producing evidence as to a particular fact is on the party who would be defeated if no evidence were given on either side."  Section 26-1-401, MCA.  Additionally, if a party asserts a claim for relief, it has the burden of persuasion as to each fact the existence or nonexistence of which is essential to that claim.  Section 26-1-402, MCA.

Wright Oil contends that it did not present evidence of WYSR's liability because it presented its case in reliance on Goodrich's representations in his answer to the original complaint and his responses to discovery that WYSR was responsible for the debt. Goodrich clearly did assert that WYSR was the entity liable for the amounts due to Wright Oil; it is not unusual for a defendant in an action to assert that it is not the responsible party.  That assertion by Goodrich, however, cannot be equated to an admission by WYSR that it was liable for the debt.  Wright Oil amended its complaint to allege that both Goodrich and WYSR were liable and, absent an admission of liability from each defendant, it was required to prove its allegations as to each defendant. Section 26-1-402, MCA.  WYSR never admitted that it was responsible for the debt and, thus, Wright Oil's reliance on Goodrich's statements to that effect was misplaced. When Wright Oil amended its complaint to include WYSR as a named defendant and alleged that WYSR was responsible for the debt, it was required to produce evidence

establishing that WYSR was actually liable for the amounts due. Sections 26-1-401 and 26-1-402, MCA. Wright Oil's burden in this regard would be lifted only in the event WYSR conceded that it was liable for the debt. In its answer to the amended complaint, WYSR denied the allegation that it was indebted to Wright Oil for the amount stated. This denial effectively put that allegation into issue. See Rule 8(b), M.R.Civ.P. Moreover, the record does not reflect that WYSR admitted liability thereafter for the amounts allegedly due. Indeed, according to the pretrial order, one of the stated issues for the District Court to determine was "[w]ho the proper party Defendant is, i.e., Steve Goodrich or West Yellowstone Snowmobile Rentals, Inc., or both." Since WYSR's liability for the debt remained at issue, the burden remained on Wright Oil, pursuant to 26-1-401 and 26-1-402, MCA, to produce evidence at trial in support of its claim that WYSR was liable. It failed to do so.

Wright Oil also contends that neither WYSR nor Goodrich provided any proof at trial --or even raised the issue--that WYSR was not liable for the debt and, therefore, it was unfairly surprised by Goodrich's and WYSR's proposed finding of fact that WYSR was not liable. This argument is without merit. As discussed above, Wright Oil added WYSR as a defendant and alleged that WYSR was liable. As a result, Wright Oil had the burden of proving its case against WYSR. See 26-1-401, MCA. No proposed finding that WYSR was not liable should have "surprised" Wright Oil, given its failure to present a case against WYSR, and such a proposed finding could not be "unfair" under these circumstances.

Nor, as Wright Oil argues, did Goodrich and WYSR improperly change their legal position with respect to WYSR's liability by offering a proposed finding of fact that Wright Oil offered no evidence regarding the nature or ownership of WYSR or that WYSR ever contracted with Wright Oil for the purchase of the petroleum products at issue. A party's proposed findings of fact must be supported by the evidence presented and are submitted to a trial court to assist in its determination. See Rule 52(a), M.R.Civ.P. They are not a statement of a party's legal position on the issues. Here, the proposed finding properly reflected that Wright Oil failed to present evidence in support of its claim against WYSR. Moreover, Wright Oil had Goodrich's discovery response, to the effect that WYSR was the liable entity because the petroleum products purchased from Wright Oil were for the sole use and benefit of WYSR, in its possession long before trial; that it neither obtained additional information for introduction into evidence nor elicited testimony about it at trial cannot be blamed on the parties defendant.

We previously have held that the conduct of an opposing party in handling a case may justify relief from a judgment pursuant to Rule 60(b)(6) when such conduct

precludes the party requesting relief from adequately presenting its case. Maulding v. Hardman (1993), 257 Mont. 18, 847 P.2d 292. There, although Maulding's attorney contacted Hardman's insurance company prior to filing suit to request payment of Maulding's medical bills allegedly incurred as a result of an accident involving Hardman's car, the attorney made no further contact with the insurance company and failed to respond to the insurance company's subsequent inquiries. Maulding, 847 P.2d at 297. The insurance company was not informed that a complaint had been filed against Hardman or that a default judgment had been entered for Hardman's failure to appear until well over a year after Hardman's default had been entered. Maulding, 847 P.2d at 297. We held that the manner in which Maulding's attorney handled the case resulted in prejudice to the insurance company and created extraordinary circumstances justifying relief under Rule 60(b)(6). Maulding, 847 P.2d at 297.

In the present case, neither Goodrich nor WYSR acted so as to intentionally mislead Wright Oil or prevent it from adequately presenting its case. Early in the case, Goodrich took the position that WYSR was liable. WYSR took the opposite position. Thereafter, Goodrich chose not to rely on his affirmative defense and to risk the entry of judgment against him. That Wright Oil mistakenly believed there was no issue as to WYSR's responsibility for the amounts due did not result from any improper conduct by Goodrich or WYSR. Nor did any conduct by the defendants, or either of them, prevent Wright Oil from adequately presenting its case. Thus, the "extraordinary circumstances" which may warrant relief under Rule 60(b)(6), M.R.Civ.P., do not exist in this case.

We conclude that Wright Oil failed to establish the existence of extraordinary circumstances which justified relief from the judgment pursuant to Rule 60(b)(6), M.R.Civ.P. We hold, therefore, that the District Court manifestly abused its discretion in granting Wright Oil's motion for relief from judgment.

Reversed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER