No. 13504

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

ARTHUR GRINDE, ARTHUR F. WIEDEMAN,
LEON JACOBS, JOE C. WICKS, ROBERT L.
DISSLY, of the CITY-COUNTY AIRPORT
COMMISSION OF THE CITY OF LEWISTOWN
and COUNTY OF FERGUS, STATE OF MONTANA,

Plaintiffs and Respondents,

-vs-

FRANCIS M. TINDALL and MARIAN B. TINDALL,
his wife,

Defendants and Appellants.

---

Appeal from:  District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellants:

Robert L. Johnson, Lewistown, Montana
Torger S. Oaas argued, Lewistown, Montana

For Respondents:

Bradley B. Parrish argued, Lewistown, Montana

---

Submitted: January 26, 1977
Decided: APR -6 1977

Filed: APR 5 977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In a claim and delivery action tried before the district court, Fergus County, without a jury, the court found plaintiffs are entitled to the possession of certain property constituting a fuel tank installation. Defendants appeal.

During World War II the United States government constructed and placed a fueling system on land belonging to Frank and Mary Hruska. The site was adjacent to the Lewistown Air Force Base and the government entered into a lease with Hruskas for the 7 acres of land upon which the fueling system was loca ted. The lease provided that the structures placed on the land would remain property of the government and could be removed or otherwise disposed of by the government.

In 1947, the lease was renewed for a 10 year period. In June 1948, the government transferred and quitclaimed the fueling system and the fence surrounding it to the city-county airport commission of the city of Lewistown and county of Fergus, which plaintiffs herein represent. In July 1957, the commission en tered into another lease with Hruskas. Again in May 1969, another lease was entered into with Hruskas similar to the leases of 1947 and 1957. The 1969 lease was for a period of 3 years with an option for an additional 3 years. The rental was $40 per year and Hruskas were paid $75 at the time of the execution of the 1969 lease.

In June 1970, Hruskas sold certain real property to defendants herein Francis and Marian Tindall. This sale included the 7 acres leased by plaintiff commission. In ¶3 of the contract

for deed appears this statement:

> "The Airport Commission leases about 7 Acres in
> the South part of SE 1/4  SW 1/4 and/or SW 1/4
> SE 1/4 of said Section 17, and Buyer will take said
> land subject thereto and he shall be entitled to all
> rents hereafter paid thereon.  The six fuel storage
> tanks and stands thereon are owned by said Commission
> and they do not go with the land."

When the 1969 lease expired the commission attempted to gain possession of the fueling installation but were refused possession by defendants who contend  the fuel tanks are fixtures to the land.  Defendants argue that while the United States government retained right of removal, the right did not pass to the commission and even if it did pass those rights terminated in 1972 when the 1969 lease expired, or in 1970 when the commission stopped paying rent.

While the parties argue the controlling issue is whether the fueling installation is real or personal property, we find the above quoted statement from ¶3 of the contract for deed controls.  However, we will consider the issues raised.

Defendants argue section 67-209, R.C.M. 1947, is controlling. However, in Pritchard Petroleum Co. v. Farmers Co-op, 117 Mont. 467, 161 P.2d 526, this Court in interpreting that statute held it to be merely a rule for general guidance concerning itself more with ultimate than with probative facts.  This Court's cases hold the proper test for determining whether a particular object has become a fixture or not, is said to comprise (1) annexation to the realty, (2) an adaption to the use to which the realty is devoted and (3) intent that the object become a permanent accession to the land.  Of these three, the intent of the parties has the most weight and is the controlling factor.  Montana

Electric Co. v. Northern Valley Mining Co., 51 Mont. 266, 153

P. 1017; Sanders v. Butte Motor Co., 142 Mont. 524, 385 P.2d

263; Shipler v. Potomac Copper Co., 69 Mont. 86, 220 P. 1097;

Butte Electric Ry. Co. v. Brett, 80 Mont. 12, 257 P. 478.

Considering the evidence before the trial court clearly the intent of all parties, prior to defendants arrival, was that the fueling system installation was to be considered personal property after it was placed on the Hruska property.

Defendants argue the trial court erred in that it went beyond the agreed statement of facts and included facts in its findings of facts and conclusions of law that came from a deposition taken from Frank Hruska. We find no merit to this allegation. True, a deposition was taken from Hruska and included in the court file, but we note the deposition was properly noticed and when taken no representative of defendants appeared. That fact is not controlling here for the general rule is, in considering an agreed statement of facts, that a court may make any legitimate or reasonable inference or inferences of which the facts may rightly be susceptible. The court may draw the reasonable and legitimate inferences in the same way and to the same extent had the facts agreed upon been adduced by the taking of testimony in open court. 83 C.J.S. Stipulations § 25, p. 73. When a court feels it needs evidence other than that presented in the agreed statement of facts to make a decision, it may refer to other evidence than the agreed statement in arriving at its decision. State ex rel. Nelson v. District Court, 107 Mont. 167, 81 P.2d 699; 83 C.J.S. Stipulations § 25, p. 70.

Defendants further argue that even though the facility is held to be personal property, the commission is foreclosed from removing the property by the running of the 2 year statute of limitations as applied to recovery of personal property. Not so! Whether or not the commission ceased to pay rent, and this is a question, this of itself does not mean the lease was automatically terminated. The 1969 lease contained no default clause and there was no evidence before the court that defendants terminated or attempted to terminate the lease before it expired on April 30, 1972.

We find under the facts that the lease was voidable and not void and the statute did not begin to run until there was a demand by the commission and a refusal by defendants. Gates v. Powell, 77 Mont. 554, 252 P. 377; Interstate Mfg. Co. v. Interstate Products Co., 146 Mont. 449, 408 P.2d 478; 51 Am Jur 2d, Limitations of Actions, §107, p. 680, §484, p. 959.

Judgment of the trial court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -