No. 86-76

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF

LINDA S. REICH,

        Petitioner, Counter-Appellant
        and Respondent,

   and

KEITH A. REICH,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kinnard & Woodward; Vernon E. Woodward, Billings,
        Montana

    For Respondent:

        English & Lee; Bruce E. Lee, Billings, Montana

_____

Submitted on Briefs: May 9, 1986

Decided: June 20, 1986

Filed: JUN 20 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal of the property distribution in a dissolution of marriage entered by the Yellowstone County District Court. We affirm in part and remand in part.

The issues raised by the husband are:

(1) Did the District Court abuse its discretion in setting the value of certain corporate equipment at $40,000?

(2) Did the District Court err by awarding a corporate asset to the wife as part of the property division?

On cross appeal the wife raises these issues:

(3) Did the District Court err by awarding the wife less than one-half of the marital estate after specifically finding a 50/50 division was appropriate?

(4) Should husband be ordered to pay wife's attorney fees incurred on appeal?

A hearing was held on the wife's petition for dissolution of marriage in October 1985. At the time of the hearing the parties had not agreed on the disposition of their marital property. The District Court entered its findings and conclusions, and after motion by the wife and a hearing, those findings and conclusions were amended. The decree of dissolution was entered in December 1985. The District Court held in its original order that an equal division of the marital estate was appropriate. In its amended order, the court found that the parties' net worth was $132,658.60. The court awarded the wife property with a total net value of $62,526.43. Among other property, the court awarded the husband his 100% interest in his business corporation, Reich Geophysical, Incorporated.

I

Did the District Court abuse its discretion in setting the value of certain corporate equipment at $40,000?

The husband challenges the District Court's finding that: "The Petitioner submitted evidence reflecting that the value of [certain logging equipment] was $40,000.00 . . .." He argues that there was no evidence that the the value of the logging equipment, which is owned by his business corporation, is $40,000.

The husband testified that the logging equipment had a fair market value of between 30 and 40 percent of the original purchase price. His valuation of $28,350 was 35 percent of the original purchase price. The court received evidence that the equipment was carried on the corporate books at a value of $80,960.51. It further received into evidence a letter from Norwest Bank in which the value of the equipment was stated as $100,000. Also admitted into evidence was a certificate of insurance showing that the logging equipment was insured for $64,224.

It is true that there was no testimony before the District Court that the value of the logging equipment was exactly $40,000. However, this Court has held that a district court is free to find a value for marital property within the range of the evidence submitted. In re Marriage of Staudt (Mont. 1985), 700 P.2d 175, 179, 42 St.Rep. 740, 744. We will not set aside a district court's finding of fact unless the finding represents an abuse of discretion. Reese v. Reese (1979), 185 Mont. 52, 55, 604 P.2d 326, 328. We conclude that valuation of the logging equipment at $40,000 is supported by the evidence and is not an abuse of the District Court's discretion.

3

Did the District Court err by awarding a corporate asset to the wife as part of the property division?

The husband contends that award of the 1981 Ford pickup truck to the wife was error because title to the truck was in Reich Geophysical, Inc. In the husband's proposed findings, he suggested distributing the truck to the wife. He now cites Buxbaum v. Buxbaum (Mont. 1984), 692 P.2d 411, 41 St.Rep. 2243, as authority that in a dissolution of marriage, a corporate asset should not be distributed to the wife who did not hold any shares in the corporation. Here the District Court recognized that the wife's automobile was not reliable and that the husband had a car furnished to him by the corporation and that the corporation also had a 1981 Ford pickup. The District Court then apparently concluded that because the husband was the sole shareholder of the corporation he was able to cause the asset to be transferred, and it awarded the Ford pickup to the wife. It is technically true that the District Court did not have the power to order the distribution of corporate property where the corporation itself was not a party to the marital dissolution. However, our review of the record demonstrates that the District Court carefully reviewed all of the assets of the parties, including all of the various assets owned by the corporation, which in turn was owned solely by the husband. We conclude that there was a proper factual basis for the distribution of the pickup to the wife. However, we also recognize that the husband is technically correct as a matter of law.

We remand to the District Court with the following instructions: Within 30 days of the issuance of remittitur in this cause the husband shall file with the District Court

4

his election to accept the distribution of the 1981 Ford pickup truck to the wife or in the alternative to accept a property substitution equal in value to the $7,500 assigned to the truck. Thereafter the District Court shall amend its property distribution to coincide with that election, if amendment is required.

## III

Did the District Court err by awarding the wife less than one-half the marital estate after specifically finding a 50/50 division was appropriate?

This issue is raised by the wife on cross appeal. She points out that in its original findings of fact and conclusions of law the court awarded her approximately one-half of the marital estate. The total net worth of the parties was set at $117,658.60 and the wife was awarded net assets valued at $58,776.43. The court's original findings and conclusions, however, were later amended to include in the marital estate the uncontested values of the 1981 Ford pickup and of a 1980 Datsun 280 ZX. Titles to both of these vehicles were held by the husband's business corporation but they were erroneously left out of calculation of the net worth of the corporation. The court amended its findings and conclusions to increase the parties' total net worth to $132,658.60. However, it increased the wife's award by only $3,750, so that the total assets awarded to her were $62,526.43. She argues that she is entitled to another $3,750 in net assets so that she receives half of the net marital estate. We recognize that in concluding that the estate should be divided 50/50, the District Court may not have concluded that a precise mathematical division was required. We do not wish to take the place of the District Court in making this

5

decision. We therefore remand this issue to the District Court for further consideration and for an amendment to its property division, if it concludes that such an amendment is appropriate.

IV

Should husband be ordered to pay wife's attorney fees incurred on appeal?

The wife argues that husband's appeal is not well taken and borders on being frivolous. She therefore requests that the court award her her attorney fees on appeal. The wife cites no authority in support of this request and we note that the parties were each ordered to pay their own attorney fees in the action before the District Court. Additionally, husband has made a valid legal argument in his second issue. We conclude that the husband should not be ordered to pay wife's attorney fees on appeal.

Affirmed in part and remanded to the District Court for modifications as required by this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices