No.   93-015

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

MARSHA L. KIRCHNER,

Plaintiff and Appellant,

v.

WESTERN MONTANA REGIONAL COMMUNITY MENTAL
HEALTH CENTER, INC., RIVER HOUSE PROGRAM;
JOHN LYNN, Director of River House Program:
MELINDA MASON; CYNTHIA DONOVAN; BRENDA
BRAZINGTON; and PETER ROPP,

Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Marsha L. Kirchner, Pro Se, Missoula, Montana

For Respondents:

James A. Haynes, Attorney at Law,
Hamilton, Montana

FILED

Filed:   OCT 21 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:   May 20, 1993

Decided:   October 21, 1993

Justice Terry N. Trieweiler delivered the opinion of the Court.

Marsha L. Kirchner appeals from an order of the District Court for the Fourth Judicial District, in Missoula County, in which the court set a hearing to determine whether its previous order dismissing her cause of action with prejudice should be set aside or amended. We dismiss the appeal, and remand to the District Court for a hearing on Kirchner's motion to set aside the order of dismissal.

The dispositive issue is whether this Court has jurisdiction to consider Kirchner's appeal.

On February 14, 1992, Marsha L. Kirchner filed a complaint against the defendants to recover damages which she alleged were caused by discriminatory hiring practices. Kirchner subsequently filed a motion to compel discovery which was denied by the District Court in an order dated August 27, 1992.

The defendants then filed a motion for partial summary judgment dismissing three counts of Kirchner's complaint. By order dated October 7, 1992, the court granted summary judgment in favor of the defendants and dismissed two of these counts, but refused to dismiss the third count.

Kirchner retained counsel in September 1992. Prior to that **time** she had represented herself. A trial date was scheduled for November, however, on November 10, 1992, counsel for the parties stipulated to, and the court ordered, the dismissal of Kirchner's cause of action with prejudice. Kirchner did not appeal from this order. On November 12, 1992, she filed a <u>pro se</u> motion in the

2

District Court requesting the court to set aside the order of dismissal. Her motion was based on allegations that her attorney had acted without her permission and against her wishes when he stipulated to the dismissal. She also filed two notices of appeal in the District Court on November 17, 1992, appealing from the court's earlier orders in which her motion to compel discovery was denied and the defendants' motion for partial summary judgment was granted.

In response to Kirchner's motions, the court issued its opinion and order on November 23, 1992. It treated her appeals as motions to reconsider and, in both instances, found nothing to constitute excusable neglect for the late filings. Therefore, the motions to reconsider were denied. In regard to her motion to set aside the order of dismissal, the court concluded that it was unclear whether Kirchner's counsel had the authority to dismiss the cause with prejudice and if Kirchner should be bound by this stipulation. Therefore, the court set a hearing for December 15, 1992, to determine if the order of dismissal should be set aside or amended.

Kirchner appealed from the District Court's November 23, 1992, order on December 3, 1992, which was prior to the scheduled hearing. The court subsequently vacated the hearing on the basis that Kirchner's appeal to the Supreme Court divested it of further jurisdiction in the action.

Montana's Rules of Appellate Procedure make clear that appeal can be taken only from a final judgment or a special order made

after final judgment. Rule 1, M.R.App.P. A final judgment is one in which there has been a final determination of the rights of the parties, and any decree which leaves matters undetermined is interlocutory in nature and is not a final judgment for purposes of appeal. Rule 54(a), M.R.Civ.P.; *In re Marriage of Griffin* (Mont. 1993), 50 St. Rep. 945; *Heater v. Boston & Montana Corporation* (1929), 84 Mont. 500, 277 P. 11. Once a final judgment has been entered, all nonappealable intermediate orders or decisions, to which there has been a proper objection, are reviewable on appeal from the final judgment. *Brown v. Midland National Bank* (1967), 150 Mont. 422, 435 P.2d 878.

In this instance, the November 23, 1992, order is clearly not a final judgment. The court did not rule on Kirchner's motion to set aside the dismissal, but scheduled a hearing in order to consider the parties' arguments. That order was interlocutory in nature because no final determination of the rights of the parties had been made. Therefore, because the November 23, 1992, order is not a final judgment from which appeal can be taken, Kirchner's appeal to this Court is premature. An appeal which is premature must be dismissed for lack of jurisdiction. *In re Marriage of Rex* (1982), 199 Mont. 328, 649 P.2d 460.

We decline Kirchner's request to have this Court exercise supervisory control. The District Court properly attempted to address the issue of whether Kirchner should be bound by her attorney's stipulation. Resolution of that issue requires a

4

factual record which was not established due to Kirchner's premature appeal. This appeal is dismissed, and we remand to the District Court for the hearing previously scheduled and final disposition of Kirchner's November 12, 1992, motion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5

October 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Marsha L. Kirchner
2400 57th Street
Missoula, MT 59803

James A. Haynes
Attorney at Law
P. 0. Box 544
Hamilton, MT 59840

ED SMITH
CLERK OF THE. SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy