No. 93-475

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

CAROL A. MARTIN,

    Petitioner and Respondent,

  and

RONALD I. MARTIN,

    Respondent and Appellant.

FILED

MAY 1 7 1994

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Debra D. Parker, Murphy, Robinson,
Heckathorn & Phillips, Kalispell, Montana

    For Respondent:

        Katherine R. Curtis, Kaplan & Curtis,
Columbia Falls, Montana

Submitted on Briefs: February 17, 1994

Decided: May 17, 1994

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Ronald I. Martin appeals from an order of the District Court for the Eleventh Judicial District, Flathead County, denying his motion to set aside default.

We reverse and remand.

The issues on appeal are:

1.   Does this Court have jurisdiction to consider appellant's appeal?

2.   Did the District Court abuse its discretion when it entered and refused to set aside appellant's default?

3.   Did the District Court err by including in its distribution of the marital estate that property which was owned by a corporation, other shareholders, and the parties' son?

On January 8, 1992, respondent Carol Martin filed a petition for dissolution and served the petition and summons to appellant Ronald Martin on January 10, 1992. On January 24, 1992, appellant informed respondent's attorney of his present address and that he would be acting pro se. In the following months, appellant and respondent's attorney exchanged correspondence pertaining to marital assets and the corporate assets owned by the parties as majority shareholders in Martin's Peat, Inc. The parties' adult children owned eight percent interest in the corporate assets. On May 1 and May 26, 1992, respondent's attorney sent a letter to appellant requesting he file his response to the dissolution petition so that the matter could proceed and a trial date be set.

2

On June 10, 1993, respondent filed a notice of intent to enter default with the District Court. Although an attempt was made on June 7, 1993, to personally serve notice to appellant, service was not made because he was out of town on vacation for two weeks. At the hearing on June 11, 1993, the court granted respondent's motion for entry of default, and after considering the evidence, the court also entered its findings of fact, conclusions of law, and decree of dissolution. A copy of the decree was served on appellant by mail on that same date. Appellant retained an attorney, and on June 23, 1993, he filed a motion to set aside the default, and also for reconsideration and amendment of the June 11 decree due to the court's distribution of non-marital property.

On August 5, 1993, during a hearing on the motion, the District Court denied the motion to set aside the default, and in response to appellant's amendment request, suggested that appellant schedule an evidentiary hearing. On August 9, 1993, appellant filed his appeal to this Court. On August 26, 1993, the District Court entered its order denying appellant's motion to set aside the default, and on October 1, 1993, notice of entry of the order was served upon appellant's attorney.

## ISSUE 1

Does this Court have jurisdiction to consider appellant's appeal?

Respondent argues that this appeal is not properly before this Court because appellant failed to file his appeal to the June 11, 1993, default within 30 days of entry, pursuant to Rule 5(c),

3

M.R.App.P. She also argues that he failed to file his appeal after the entry date of the August 26, 1993, order denying his motion to set aside default, and prematurely filed his appeal on June 9, 1993. Alternatively, she contends that he lost his right to appeal the order by not filing by November 2, 1993, because the notice of entry of order was served on appellant's attorney on October 1, 1993. We disagree.

Rule 1, M.R.App.P., allows this Court to consider an appeal from an entry of a final judgment or special proceeding commenced in a district court or from any special order made after final judgment. An order made after final judgment setting aside or refusing to vacate a default judgment is a special order. Marriage of Rex (1982), 199 Mont. 328, 330, 649 P.2d 460, 461. "A final judgment is one in which is there has been a final determination" of the parties' rights. Kirchner v. Western Montana Regional Community Mental Health Center, Inc. (Mont. 1993), 861 P.2d 927, 929, 50 St. Rep. 1299, 1300.

On August 5, 1993, during a hearing on the motion to set aside default, the District Court denied the motion, thus making a final determination of the parties' rights. See Marriage of Cox (1987), 226 Mont. 176, 736 P.2d 97 (finding minute entry was an effective dismissal of appellant's subject matter jurisdiction motion). Appellant had 30 days from the August 5, 1993, dismissal of his motion to perfect his appeal; he filed his notice of appeal on August 9, 1993, before the 30-day time limit.

4

In an appeal from a default judgment, this Court has jurisdiction to hear both the refusal to set aside the entry of default and the judgment entered by default. Lords v. Newman (1984), 212 Mont. 359, 366, 688 P.2d 290, 294. This Court has jurisdiction to review both the refusal of the District Court to set aside the entry of default on August 5, 1993, and the judgment by default entered June 11, 1993.

## ISSUE 2

Did the District Court abuse its discretion when it entered and refused to set aside appellant's default?

Our review standard of a trial court's refusal to set aside a default is that "no great abuse of discretion need be shown to warrant reversal," and our review is on a case-by-case basis. Lords, 688 P.2d at 294. Policy favors that a litigated case should be decided on its merits, and judgments by default are not favored. In re the Marriage of Whiting (1993), 259 Mont. 180, 854 P.2d 343. The burden of proof is on the one seeking to set aside the default. Siewing v. Pearson Co. (1987), 226 Mont. 458, 461, 736 P.2d 120, 122. An entry of default may be set aside by showing good cause; default judgment may be set aside pursuant to Rule 60(b), M.R.Civ.P. Rule 55(c), M.R.Civ.P. Good cause is shown by: the defendant proceeded with diligence to set aside the default judgment; the defendant's excusable neglect; the judgment will be injurious to the defendant if allowed to stand; and the defendant has a meritorious defense to the plaintiff's cause of action. Blume v. Metropolitan Life Ins. Co. (1990), 242 Mont. 465, 467, 791

5

P.2d 784, 786. Rule 60(b)(1), M.R.Civ.P., allows a default judgment to be set aside due to mistake, inadvertence, surprise, or excusable neglect.

After reviewing the record and applying the above analysis, we determine that the District Court abused its discretion when it failed to grant the motion to set aside the default.

Appellant proceeded with diligence after the District Court entered the June 11, 1993, judgment by default by retaining an attorney and filing a motion to set aside the default on June 23, 1993.

In order to set aside default, an appellant must demonstrate excusable neglect. Respondent argues that appellant was sufficiently warned by letter "several times" that she would proceed as necessary if he did not answer. Respondent does not direct us to the record, and the only reference to the letter in the record was in the transcript of the August 11, 1993, hearing where respondent's attorney stated to the court that she sent a letter to appellant in December 1992 informing him that she would "proceed as necessary" if he failed to respond. The letter dated December 1992 was not entered as evidence nor filed with the District Court, and is not within the record. Those papers and exhibits filed in the district court are part of the record on appeal. Rule 9, M.R.App.P. A party's mere reference to certain documents does not bring them within the record. 4 C.J.S. Appeal and Error § 456 (1993). Because the documents are not in the record, we cannot review them on appeal.

6

Appellant contends that the District Court erred by not finding excusable neglect because his case is similar to In re Marriage of Broere (Mont. 1994), 867 P.2d 1092, 51 St. Rep. 17, where the appellant, acting pro se in the dissolution case, was affirmatively misled by the respondent's attorney that his telefaxed response had been filed. Appellant argues that the present case is analogous to Broere because respondent's attorney repeatedly communicated to him that nothing could happen in the dissolution proceedings until he filed a formal response.

On May 1, 1992, respondent's attorney wrote to appellant, stating in pertinent part:

Dear Mr. Martin:

It will be necessary for you to file a formal response with the Court in this matter so that I can request that a trial date be set. The Court will not set a trial date unless the case is "at issue," which requires that the Respondent file a Response. I would appreciate your filing your Response by May 15, 1992, so that we can proceed with this matter. Thank you. [Emphasis added].

On May 19, 1992, appellant answered the letter, and received the following reply from respondent's attorney:

Dear Mr. Martin:

In response to your letter of May 19, 1992, in this matter, I must repeat my request that you file a formal Response with the Court so that we can proceed with this matter. I cannot request a Court date until you have done so, and while I am hopeful that a trial will not be necessary, I do not want to further delay getting a date from the Court.

. . . The process will be infinitely cheaper, easier and quicker if you will cooperate with Rex Boller. If you choose not to do so, we will have to obtain the necessary information from you through formal means, such as interrogatories, requests for production. . . . This is not intended as a threat, but simply to make clear

7

that we intend to proceed with a valuation of <u>all</u> property, and will do so <u>formally if necessary</u>. . . .

The extent to which the process becomes adversarial depends upon whether or not you and Carol cooperate to the fullest extent of your ability. [Emphasis added].

Threats to proceed "formally if necessary" would be clear to an attorney trained in the law. Those untrained in the law are "often misled and get entire different meanings from conversations than one trained in the legal field." <u>Broere</u>, 867 P.2d at 1094 (citing Waggoner v. Glacier Colony of Hutterites (1953), 127 Mont. 140, 148, 258 P.2d 1162, 1166). In <u>Broere</u>, after receiving appellant's telefaxed letter responding to the petition of dissolution, the respondent's attorney mistakenly sent the appellant a note of issue stating that his response had been filed. A few days later default was granted and respondent's motion to set aside the default was denied. This Court held that the district court abused its discretion by not setting aside the default because the appellant was affirmatively, though innocently, misled by the respondent's attorney that his response had been filed. <u>Broere</u>, 867 P.2d at 1094.

Similarly, in the present case appellant was misled by respondent's attorney who communicated to him that the matter would not proceed in court until he filed his formal response, and then entered default during a two week period when appellant was out of town. Prior to the default, appellant communicated to both respondent and her attorney his objections to respondent's division of marital assets, and also communicated his desire to settle the matter without court intervention. <u>See</u> <u>Whiting</u>, 854 P.2d at 346

8

(finding that appellant's default was unwillful by her attempts to resolve the dissolution issues for weeks prior to the default). Moreover, the judgment will be injurious to appellant if allowed to stand because the record reveals that a portion of the assets awarded were corporate assets, part of which appellant argues are required in the operation of the business, which further indicates that appellant has a meritorious defense to the property distribution.

Respondent argues that she would be prejudiced if this Court set aside the default because it would violate the interests of justice that require finality of the case. However, respondent waited 17 months before attempting to put appellant in default which shows a lack of urgency to finalize matters. In contrast, the harm to appellant is great by having the default entered against him without any possibility of presenting his arguments.

We hold that the District Court abused its discretion by not setting aside the default and the denial of the District Court is reversed.

ISSUE 3

Did the District Court err by including in its distribution of the marital estate that property which was owned by a corporation, other shareholders, and the parties' son?

Appellant argues that the District Court erred by distributing corporate property belonging to the parties, as well as other minority shareholders, consisting of bank accounts and real and personal property. Respondent cites In re Marriage of Reich

9

(1986), 222 Mont. 192, 720 P.2d 286, for support that the distribution of corporate assets was proper because the parties hold a 92 percent interest in shares, and the court apparently felt that the 8 percent interest owned by the adult children of the parties had no value. We disagree.

Section 40-4-202(1), MCA, directs the lower court to equitably apportion assets "belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both."

A district court cannot distribute corporate property where the corporation itself is not a party to the marital dissolution. Reich, 720 P.2d 286; Buxbaum v. Buxbaum (1984), 214 Mont. 1, 692 P.2d 411. Corporate shares belonging to the parties in a dissolution proceeding are a marital asset subject to distribution within § 40-4-202, MCA. In re Marriage of Westland (1993), 257 Mont. 169, 848 P.2d 492.

Although the general rule is that corporate property cannot be transferred unless the corporation is a party to the dissolution proceedings, in the past this Court has approved the transfer of corporate property but under facts peculiar to the case. In Reich, we approved the district court's distribution of a corporate vehicle to the wife because the husband was the corporation's sole shareholder, and as such he could authorize the transfer of the vehicle. Reich, 720 P.2d at 288. We remanded the case for the husband's decision whether to accept the distribution of the

10

vehicle or to substitute property of equal value.  Reich, 720 P.2d at 288.

In Westland, we affirmed the District Court's apportionment of corporate ranch properties as part of the marital property distribution because a significant portion of the corporate real property belonged to the parties, and the intended partition could take place by the husband's transfer of his shares to the wife. Westland, 848 P.2d at 494.

None of the facts found in Reich or Westland are present here. Information in the record reveals that the District Court distributed corporate property by awarding real property to respondent owned by Martin's Peat, Inc.  Also, a boat and trailer awarded to respondent was owned by another family member. Appellant argues that bank accounts belonging to the corporation were also distributed.  We are unable to ascertain ownership of the remaining assets.  Upon remand, we direct the District Court to determine ownership of the corporate and marital assets before distributing the marital property.

We reverse and remand to the District Court for further proceedings in accordance with this opinion.

William E. Hunt
Justice

11

We concur:

_____
Chief Justice

_____

_____
Justices

12

May 17, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Steven E. Cummings, Esq.; Debra D. Parker, Esq.
Murphy, Robinson, Heckathorn & Phillips, P.C.
P.O. Box 759
Kalispell, MT   59903-0759

Katherine R. Curtis, Esq.
Kaplan & Curtis
P.O. Box 329
Columbia Falls, MT   59912-0329

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy