NO. 94-623

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


MARSHA L. KIRCHNER,

      Plaintiff and Appellant,

   v.

WESTERN MONTANA MENTAL HEALTH CENTER,
RIVER HOUSE PROGRAM, JOHN LYNN, Director
of River House Program, RIVER HOUSE
HIRING COMMITTEE, JANE AND JOHN DOES
1 THROUGH 10,

      Defendants, Respondents
      and Cross-Appellants.


APPEAL FROM:    District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Marsha L. Kirchner, Pro Se, Missoula, Montana

      For Respondent:

        James A. Haynes, James A. Haynes Law Firm,
        Hamilton, Montana

FILED

Filed: AUG 04 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  May 11, 1995

Decided:  August 4, 1995

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Marcia Kirchner (Kirchner) appeals a partial summary judgment order of the Fourth Judicial District Court, Missoula County. We dismiss her appeal as premature and remand to the District Court for further proceedings. We also deny the cross-appeal by Western Montana Regional Center (Center) which contends that the District Court lacked jurisdiction to set aside the dismissal because the 45-day time limit under Rule 60(b), M.R.Civ.P., had expired.

Appellant Kirchner, acting pro se, has presented several issues on appeal and respondents have cross-appealed several issues. We consider the following issues to be dispositive:

I. Has Kirchner filed a proper appeal to this Court?

II. Was Kirchner's motion to set aside dismissal controlled by Rule 60(b), M.R.Civ.P., with the result that the District Court was divested of jurisdiction by the passage of 45 days under the Rule?

We will summarize the basic fact framework of this case as set forth by the District Court. Kirchner began probationary employment with the Center on May 16, 1990, as a social worker/case manager. The Center's Board of Directors formally approved Kirchner's employment contract on June 15, as a temporary, half-time, probationary status position. Her contract was reissued in July of 1990, to reflect a cost of living adjustment. The personnel policies and procedures manual states that all new employees are on probationary status for the first six months of

2

employment. The District Court then concluded that the manual clearly showed that Kirchner's status was probationary.

Kirchner was interviewed for the position she wanted but was not hired. The Center offered her a transitional case manager position in October of 1990. Kirchner declined, left her employment and filed the present suit.

By order dated November 10, 1992, the District Court dismissed Kirchner's case with prejudice. Kirchner filed a motion to set aside the dismissal. On November 23, 1992, the court ordered that a hearing on the matter should be held on December 15, 1992. Before that hearing could be held, Kirchner appealed the case to this Court. Kirchner v. W. Mont. Regional Community Mental Health Center (1993), 261 Mont. 227, 861 P.2d 927. In that case we concluded that this Court did not have jurisdiction to consider Kirchner's appeal and remanded to the District Court for hearing on Kirchner's motion to set aside the order of dismissal.

By opinion and order dated December 29, 1993, the District Court had previously set aside its order of dismissal as originally entered on November 10, 1992. Defendants moved for reconsideration of that order and by opinion and order dated January 31, 1994, the District Court determined that it had jurisdiction and denied the request for reconsideration.

In its opinion and order dated November 17, 1994, the District Court concluded that summary judgment was not proper on counts III and IV of the complaint. The District Court granted summary judgment on count VI and count VIII. The District Court then

3

concluded that the remaining claims of Kirchner sound in equity and that the court was disposed to hear the claims by means of a bench trial.

## I.

Has appellant filed a proper appeal to this Court?

Kirchner argues that this Court can hear her appeal under Rule 1(b)(1), M.R.App.P., on the theory that the District Court's order of partial summary judgment was a final judgment.  The Center refers to the original <u>Kirchner</u> case.  That reference is correct.

For the benefit of Kirchner we restate the following from our original <u>Kirchner</u> opinion:

> Montana's Rules of Appellate Procedure make clear that appeal can be taken only from a final judgment or a special order made after final judgment.  Rule 1, M.R.App.P.  A final judgment is one in which there has been a final determination of the rights of the parties, and any decree which leaves **matters** undetermined is interlocutory in nature and is not a final judgment for purposes of appeal. . .
>
> In this instance, the November 23, 1992, order is clearly not a final judgment.  The court did not rule on Kirchner's motion to set aside the dismissal, but scheduled a hearing in order to consider the parties' arguments.  That order was interlocutory in nature because no final determination of the rights of the parties had been made. .  Kirchner's appeal to this Court is premature.  An appeal which is premature must be dismissed for lack of jurisdiction.  (Citation omitted.)

<u>Kirchner</u>, 261 Mont. at 229-30, 861 P.2d at 929.  The foregoing <u>Kirchner</u> holding applies to the present case which is rooted in a partial summary judgment ruling by the District Court--all of Kirchner's issues have not been determined by the court's grant of partial summary judgment.  As a result, the present appeal is premature and must be dismissed for lack of jurisdiction.

4

Kirchner's appeal is therefore dismissed and the case is remanded to the District Court for further consideration.

## II.

Was Kirchner's motion to set aside dismissal controlled by Rule 60(b), M.R.Civ.P., with the result that the District Court was divested of jurisdiction by the passage of 45 days under the Rule?

In substance the Center argues that the 45-day provision of Rule 60(b), M.R.Civ.P., must be applied in this case, and that the 45 days has run when the time is considered which ran prior to the notice of appeal in the original <u>Kirchner</u> case and then adding in the time which had elapsed after the remittitur in <u>Kirchner.</u>

This Court remanded the case back to the District Court specifically for a hearing on Kirchner's motion to set aside her dismissal. We conclude that the 45-day provision of Rule 60 (b), M.R.Civ.P., did not begin to run until the filing of remittitur on the first appeal. The record shows that the District Court made its determination within 45 days of the issuance of remittitur. As a result, the Center's cross-appeal is denied.

This case is remanded for further proceedings consistent with this opinion.

_____
Justice

**We concur:**

_J. A. Turnage_
Chief Justice

_Karla M. Gray_

_William E. Hunt Sr._

_W. William Leaphart_
Justices

August 4, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

MARSHA L. KIRCHNER
2400 57TH STREET
MISSOULA, MT 59803


JAMES A HAYNES
JAMES A. HAYNES LAW FIRM
P.O. BOX 544
307 STATE STREET
HAMILTON, MT 59840


ED SMITH
CLERK OF 'THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy