No. 96-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


IN RE MARRIAGE OF

REBECCA LYNN HOFFMAN,

      Petitioner and Respondent,

  and

WILLIAM ALLEN HOFFMAN,

      Respondent and Appellant.

FILED

DEC 10 1996

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Fifth Judicial District,
                In and for the County of Beaverhead,
                The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Jack H. Morris; Jardine, Morris & Hoffman;
          Whitehall, Montana

      For Respondent:

          John Warren; Davis, Warren & Hritsco;
          Dillon, Montana


                    Submitted on Briefs:  August 29, 1996

                              Decided:  December 10, 1996

Filed:

_____
        Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The respondent, Rebecca Lynn Hoffman ("Becky"), filed a petition for dissolution of her marriage to the appellant, William Allen Hoffman ("Bill"), in the District Court for the Fifth Judicial District in Beaverhead County. After a hearing, the District Court entered its decree of dissolution, and concluded that the following were marital assets subject to an equitable division between the parties: (1) the log house in which the parties resided during their marriage ("the Hoffman Home"); and (2) Bill's expectation for future acquisition of the one acre of real property on which the Hoffman Home is located ("the Hoffman Home Site"). On that basis, the District Court divided the agreed-upon value of the real property equally, and ordered Bill to pay Becky in the amount of $47,750 for her interest. Bill appeals the judgment of the District Court. We reverse the District Court's judgment as it relates to property division, and remand for entry of judgment consistent with this opinion.

The issue on appeal is whether the District Court was correct when it concluded that the Hoffman Home and Bill's expectation that

2

he will, in the future, acquire the Hoffman Home Site were marital assets subject to equitable division between the parties.

## FACTUAL BACKGROUND

Frances Forgy is the record owner of a seventeen-acre parcel of land in Madison County. In 1977 she gave Bill, her nephew, permission to construct a log house on one acre of her property. At that time, Bill began construction of the foundation, and continued to build the house during the next six years. However, the seventeen-acre parcel has never been subdivided and no part has been transferred to Bill.

In 1983, Forgy and Bill agreed that the real property taxes for the land would continue to be assessed to Forgy, and that the improvement taxes for the log house would be assessed to Bill.

Bill and Becky were married in 1984, and moved into the log house in the fall of 1986. During the course of their marriage, they completed construction of the house, and made a number of improvements to it. They also paid insurance premiums and improvement taxes for the house; however, they did not pay rent to Forgy, and there has never been a written agreement with regard to their possession of the house. There is a considerable amount of evidence that Forgy plans to devise her property to Bill; nonetheless, she has not yet transferred title to her property.

In 1995, Becky filed a petition for dissolution of her marriage to Bill. In its decree of dissolution, the District Court concluded that Bill's expectation that he would be devised the Hoffman Homesite and the Hoffman Home were marital assets subject

3

to equitable division between the parties. On that basis, the District Court concluded that equitable division of the parties' marital estate would require that Bill pay Becky $47,750 for her interest in the estate, plus her share of the personal property included in the estate.

## DISCUSSION

Was the District Court correct when it concluded that the Hoffman Home and Bill's expectation that he will, in the future, acquire the Hoffman Home Site were marital assets subject to equitable division between the parties?

When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *In re Marriage of Hamilton* (1992), 254 Mont. 31, 35, 835 P.2d 702, 704.

On appeal, Bill contends that the Hoffman Home and his expectation that he will inherit the Hoffman Home Site are not marital assets. Specifically, Bill asserts that, because Forgy is the legal owner of both the Hoffman Home Site and the Hoffman Home, the District Court incorrectly included their respective values when it calculated and equitably divided the parties' marital estate.

Section 40-4-202, MCA, governs the equitable division of marital property and states, in relevant part, that:

> (1) In a proceeding for dissolution of a marriage . . . the court . . . shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both . . . .

4

(Emphasis added.) Thus, § 40-4-202(1), MCA, clearly limits the marital estate subject to equitable division to the property and assets belonging to either spouse or both, and titled in at least one of their names. It does not confer any authority upon a district court to include in the marital estate property or assets owned by a third party.

## THE HOFFMAN HOME SITE

It is undisputed that Forgy is, and has been at all times pertinent to this litigation, the record owner of the real property upon which the Hoffman Home is located. She has never conveyed her real property to Bill or Becky, and they do not have a legitimate claim that they own the property. When the District Court equitably divided the Hoffmans' marital estate, it was, for reasons that follow in this opinion, required to *consider* the possibility that, upon Forgy's death, Bill might inherit the Hoffman Home Site. However, we conclude that when the District Court evaluated and equitably divided the Hoffmans' marital estate, it erred when it *included* property that is owned by Forgy, a third party.

## THE HOFFMAN HOME

The Hoffman Home cannot be separated from the land upon which it is located, and we conclude that, pursuant to §§ 70-15-101, -102, and -103, MCA, it is a fixture attached to Forgy's real property.

When we determine whether a particular object is a fixture, we examine: (1) the character of the structure; (2) the manner in

5

which it is annexed to the realty; and, of the most significance, (3) the intent of the parties. *Grinde v. Tindall* (1977), 172 Mont. 199, 201-02, 562 P.2d 818, 820. While the first two factors indicate that the Hoffman Home is a fixture, the intent of the parties is the controlling factor in our analysis. In this case, neither Bill nor Becky has claimed that they own the log house. In fact, Bill's testimony with regard to his intent establishes that Forgy is the owner of the property and the log house:

> Q: Now, back in 1977, when you started construction on . . . the Hoffman home . . . what arrangements did you make for constructing the home on the site you did?
>
> A: I discussed it with my aunt, and basically she had no desire to sell the ground. But she told me I could proceed with it [building the log house] if I would pay the taxes on the improvements in lieu of rent.
>
> Q: . . . [Y]ou've got a $71,500 home on the land.
>
> A: Or [Forgy] does. I have never felt I owned either the home or the land that it sets on.
>
> Q: If that was your feeling, why would you put all that money into the land?
>
> A: Because I have a place to live rent free as long as I want it.

Furthermore, with regard to fixtures, § 70-18-101, MCA, provides:

> When a person affixes his property to the land of another, without an agreement permitting him to remove it, the thing affixed . . . belongs to the owner of the land unless he chooses to require the former to remove it.

The record contains no evidence of any agreement which would allow Bill or Becky to remove the Hoffman Home from Forgy's real property.

We conclude that the Hoffman Home and Bill's expectation that he will, in the future, acquire the Hoffman Home Site were not marital assets subject to equitable division. We hold, therefore, that the District Court erred when it included property owned by Forgy when it evaluated and equitably divided the Hoffmans' marital estate.

However, the District Court found, based on substantial evidence, that Forgy intends to devise the property to Bill. We have previously held that:

> Under section 40-4-202, MCA, the District Court must consider future acquisition of assets. The husband's expectation of a sizeable inheritance is therefore a valid consideration in the equitable distribution of the marital property.

*Marriage of Goodmundson* (1982), 201 Mont. 535, 540, 655 P.2d 509, 512.

Accordingly, when the District Court distributes the Hoffmans' marital estate, it is required to *consider* Bill's substantiated expectation of a sizeable inheritance, which includes the Hoffman Home Site and Hoffman Home. It may also make a disproportionate distribution of the net marital estate based on that expectation. However, the distribution cannot exceed the net value of the marital estate which, in this case, after excluding the marital home and homesite, is $19,775.

The judgment of the District Court is reversed, and the case is remanded for entry of judgment consistent with this opinion.

_____
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

Justice James C. Nelson specially concurs.

I agree with our statement of the law applicable to the homesite and to the home given the undisputed evidence that Forgy is the record owner of the real property on which the home was constructed and that the home was constructed in the absence of any severance agreement. The law cited in the opinion pertaining to fixtures makes the home part of the real property owned by Forgy and, clearly, the court may not distribute to either Becky or Bill property owned by a third person who is not a party to the dissolution proceedings. See § 40-4-202(1), MCA; In re Marriage of Martin (1994), 265 Mont. 95, 102, 874 P.2d 1219, 1224 (citing In re Marriage of Reich (1986), 222 Mont. 192, 720 P.2d 286; Buxbaum v. Buxbaum (1984), 214 Mont. 1, 692 P.2d 411).

I do, however, feel constrained to make the following observations. On appeal, citing various case and statutory authorities, Bill argues that the trial court committed reversible error by including in the marital estate and awarding to Becky a portion of the value of property not belonging to either she or Bill--i.e. the homesite and the home. Bill argues the language of § 40-4-202(1), MCA; failure to comply with the statute of frauds, § 70-20-101, MCA; and failure to prove adverse possession by reason of permissive occupation and failure to comply with § 70-19-404, MCA and § 70-19-411, MCA. Bill also argues on appeal that the court committed clear error by including fixtures attached to Forgy's real property in the marital estate, citing §§ 70-15-101 and 103, MCA, and various case authorities.

9

At trial each party submitted proposed findings of fact and conclusions of law to the court. No briefs were filed by either party. I note that there is not one citation in Bill's proposed findings and conclusions (or in Becky's, for that matter) to any of the cases or to any of the statutes he now relies on. In fact, the entire District Court record is devoid of any case or statutory authority either in favor of or in opposition to what the court did. Moreover, except in a reference so oblique as to defy denominating it as "legal analysis," Bill did not articulate any of the arguments he now makes to this Court. His entire "legal argument" is set forth in his proposed conclusion of law number 32. In its entirety, that conclusion of law states:

> 32. The Court concludes that the log house attached to Francis Forgy's property that was built by Bill prior to the marriage cannot be properly be [sic] considered part of the marital estate. Even though Bill testified that he had hoped that someday he would acquire the property from Forgy either through inheritance or conveyance neither event has transpired. There was no evidence presented to the Court other then the parties' own testimony as to what Francis Forgy's intentions were, if any, in regard to her ever transferring the property to either party. Becky has confused occupation with ownership. Even though the parties were allowed to live in the log house attached to Forgy's property for over eleven years rent free the parties have no right to the log house and real property beyond those conveyed by mere occupancy. Given the applicable law of real property the Court can do nothing else.
>     However, based upon the representations made by Bill to Becky concerning his hope of one day acquiring the log house from Forgy and based upon Becky's reliance on those representations the Court feels that it would be fair and equitable for Bill to pay to Becky half of $17,500 that represents the parties' contribution toward improvement of the log house during the course of the marriage. Therefore, the Court concludes that Becky is entitled to receive from Bill half the value of that contribution.

Furthermore, in moving to amend the trial court's findings and

10

conclusions with regard to the home, Bill's entire legal argument consisted of the following: "[P]ursuant to Section 40-4-202(1), MCA, the Court can only apportion between the parties assets or property belonging to or titled in name [sic] of the husband or wife or both." No brief was filed; no other argument was made; there was no citation to case authority.

In my view, the legal arguments and theories Bill now advances on appeal were not raised with sufficient particularity in the trial court to give either the court or opposing counsel fair notice of what Bill's contentions were. This sort of practice places this Court in the position of having to find the trial court in error on matters of law when that court was not presented with the law that the party, on appeal, contends is dispositive.

Secondly, Bill has changed his position on appeal from that which he took at trial. While he now contends that Becky has no ownership interest in the home, that was not in line with his testimony before the trial court. In point of fact, at trial Bill testified that Becky did have an interest in the marital home and that he would be willing to split with her "the value of the improvements contributed jointly during the marriage." Bill's proposed conclusion of law referenced above follows his testimony at trial. Again, Bill has blind-sided not only the trial court but opposing counsel as well.

Although we are constrained to apply the correct law in this case, having now done so, I take no comfort in our decision given the record that was presented to the trial court. Accordingly, I

11

specially concur.

_____
                    Justice

Justice Karla M. Gray concurs in the foregoing special concurrence.

_____
                    Justice

12

December 10, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John H. Jardine
Jack H. Morris
JARDINE & MORRIS
P.O. Box 488
Whitehall, MT 59759-0488

John Warren
DAVIS, WARREN & HRITSCO
P.O. Box 28
Dillon, MT 59725-0028

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy