No. 97-597

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 96N

IN RE THE MARRIAGE OF
PEGGY C. G. SCHAPLOW,
n/k/a PEGGY C. GANDER,

Petitioner and Respondent,

and

TERRY F. SCHAPLOW,

Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund P. Sedivy, Jr.; Sedivy, Bennett &  White, Bozeman,
Montana

For Respondent:

Marcelle C. Quist; Quist Law Office, Southern Pines, North
Carolina; Todd Hillier, Attorney at Law, Bozeman, Montana

Submitted on Briefs: March 26, 1998

Decided:   April 30, 1998
Filed:

_____

Clerk


MEMORANDUM


¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.


¶2    Terry F. Schaplow (Terry) and Peggy C. G. Schaplow (Peggy) dissolved their marriage on May 6, 1991.  At the time of dissolution, the parties agreed to a joint custody arrangement for their two sons, Jay and Jesse. Since that date, the parties have continually involved the courts in their day-to-day disagreements as to the interests of Jay and Jesse, most of which involve the boys' sports activities.  On February 3, 1997, Terry moved for modification of custody, requesting sole custody of the boys as a result of Peggy's refusal to deliver the boys to sports practices.  The District Court issued an order to show cause and set a hearing for April 29-30, 1997.  Thereafter, the parties flooded the court with various motions and briefs.  The District Court responded by appointing a guardian ad litem and attorney for the children and holding the modification matter in abeyance.


¶3    On June 13, 1997 and July 25, 1997, Terry filed renewed requests for a hearing on his motion for modification and requested that certain summer visitation and seasonal sporting matters be heard.  On August 21, 1997, after receiving the report of the guardian ad litem, the District Court held a hearing for the purpose of determining three limited issues:  1) Which school should Jay Schaplow attend in the fall of 1997, Sacajawea Middle School or Chief Joseph Middle School?  2) Should Terry be allowed to petition the Montana High School Association on Jesse Schaplow's behalf for a "waiver" to allow Jesse to compete in basketball as a sophomore rather than a junior?  3) Should Jay Schaplow play fall soccer?  The District Court ruled on the three issues, then, in its Memorandum, stated "though not an issue before the Court on the August 21, 1997 hearing, it is the Court's distinct impression after speaking with the children that the children prefer the present custody arrangement to any sole custody arrangement with either parent and the Court agrees that the present arrangement is in the children's best interests."  It is from this statement that Terry appeals.


¶4    Terry presents two issues on appeal:


¶5    1) Did the District Court violate Terry's procedural due process rights by denying his motion for sole custody without holding a hearing or reviewing any evidence?


¶6    2) Did the District Court err by disregarding the law of the case? We dismiss the first issue for lack of jurisdiction and affirm the second issue.
                    Discussion

I

¶7   1)  Did the District Court violate Terry's procedural due process rights by denying his motion for sole custody without holding a hearing or reviewing any evidence?

¶8   Terry asserts that the above ruling is a final order denying his motion for modification.  Terry further asserts that the District Court violated his due process rights by ruling on his motion without conducting a hearing.  Peggy asserts that the order is interlocutory, issued for the sole purpose of determining the three stated issues and is not a final appealable order on Terry's motion.  As a result, Peggy asserts that this appeal should be dismissed for lack of jurisdiction.  We agree.

¶9   Terry requests that this Court reverse the decision of the District Court and remand the matter for a hearing on his motion for modification.  Terry asserts that the failure of the District Court to hold a hearing regarding his motion for modification deprived him of due process rights.  However, we determine that the District Court's Order and Memorandum was issued as a final judgment as to the three limited issues, and was not a final order as to Terry's motion for modification.

¶10  The Montana Rules of Appellate Procedure provide that appeal can be taken only from a final judgment.  Rule 1, M.R.App.P.  "A final judgment is one in which there has been a final determination of the rights of the parties, and any decree which leaves matters undetermined is interlocutory in nature and is not a final judgment for purposes of appeal."  Kirchner v. Western Montana Mental Health Center (1995), 272 Mont.110, 112, 899 P.2d 1102, 1104.  We determine that the District Court's Order and Memorandum, despite mentioning its "impression" regarding custody, was not a final judgment on Terry's motion for modification. Terry's due process argument assumes that the District Court issued a final judgment on his motion.  Since there was no such final judgment, the present appeal is premature and must be dismissed for lack of jurisdiction.

II

¶11  2)  Did the District Court err by disregarding the law of the case?

¶12  The District Court, in December 1994, issued a "final" determination of visitation rights.  The visitation schedule ordered that "[w]hen the boys are with [Peggy], she shall insure that the boys attend the sports activities they participate in." Terry has since interpreted this portion of the District Court Order as "the Sports Participation Clause."  This Court, in its prior opinion in this case, upheld the District Court's 1994 order regarding visitation and the court's subsequent contempt orders against Peggy for failing to deliver the boys to their sports activities.  Terry argues that the Sports Participation Clause, as upheld by this Court, is the law of the case.  Furthermore, Terry argues that the District Court, in its most recent Order and Memorandum, holding that Jay was not required to participate in soccer, violated the law of the case.  Peggy's response asserts only that Terry's argument is illogical and that the District Court has continuing jurisdiction to amend custody matters.

This Court reviews the district court's conclusions of law to determine whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶13 As a preliminary matter, we determine that the issue of whether the law of the case doctrine requires that Jay play soccer is moot because the 1997 soccer season has passed. However, we address the issue of whether the Sports Participation Clause is the law of the case to avoid future confusion as to the law of the case doctrine and its application to this case. We explained in Doting v. Trunk (1993), 259 Mont. 343, 347-48, 856 P.2d 536, 539, that "[w]hen this Court states in an opinion a principle or rule of law necessary to the decision, such statement becomes the law of the case and controls throughout its subsequent progress, both in the trial court and upon subsequent appeal." This Court, by upholding the District Court's contempt orders, did not create a "law of the case" requiring that the boys participate in sports. Rather, this Court upheld the District Court's holding that if the boys participate in a particular sports activity, Peggy must insure that the boys attend the activity. Terry misinterprets this Court's Opinion as requiring Jay to participate in soccer. We determine that the District Court's refusal to apply the Sports Participation Clause, as interpreted by Terry, as the law of the case was correct.

¶14 We further determine that the District Court did not err in determining that Jay is not required to participate in soccer. We note that in ordering that Jay did not have to play, the District Court considered the report of the guardian ad litem, the testimony at the August 21, 1997 hearing and the personal interview the court conducted with the boys. As a result, the District Court had a firm impression that Jay did not want to play soccer and that it was not in Jay's best interest to force him to participate in sporting activities to which he was opposed.

¶15 In determining the best interests of the child, § 40-4-212, MCA, allows the District Court to consider the wishes of the child. Given his age and maturity, Jay is in a better position than either parent to decide which extracurricular activities suit him. We determine that the District Court's reliance on the wishes of Jay is not erroneous. Affirmed in part and dismissed in part.

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER