No. 02-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 1N

LORI A. EARNEST,

Petitioner and Respondent,

v.

WILLIAM G. EARNEST,

Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead,
Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Bryan B. Norcross, Norcross Law Office, Kalispell, Montana

For Respondent:

M. Penny Leatzow, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  October 17, 2002

Decided:   January 9, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant, William G. Earnest (William), appeals the District Court's denial of his motion to set aside a default judgment. Because William has not established good cause for first setting aside his entry of default, we affirm the District Court's order.

¶3 The sole issue on appeal is whether the District Court abused its discretion in denying William's motion to set aside the default judgment.

## Background

¶4 William and Respondent, Lori A. Earnest (Lori), are the natural parents of a minor daughter. The parties were never married. In July 2001, Lori filed a "Petition for Paternity, Custody and Visitation," in which Lori requested custody, child support, and attorney fees. Attached to her petition was a proposed parenting plan. In response, William filed his own proposed parenting plan with the District Court.

¶5 In late December 2001, the District Court issued an "Order for Hearing" setting a hearing on March 8, 2002, regarding the parties' proposed parenting plans. William's counsel received notice of the hearing; however, neither William nor his counsel appeared at the March 8 hearing. According to William, his counsel never notified him of the hearing.

2

In fact, William's counsel admits that he failed to mark the hearing on his own calendar. On the day of the hearing, the District Court entered both William's default and a default judgment, which adopted Lori's parenting plan. Subsequently, William filed a motion to set aside the default judgment, which the District Court denied. William filed a timely appeal of the denial of the motion to set aside the default judgment. We affirm.

### Discussion

¶6 We review a district court's refusal to set aside a default judgment to determine whether there has been even a slight abuse of discretion. *See State ex rel. Dept. of Environmental Quality v. Robinson*, 1998 MT 185, ¶ 15, 290 Mont. 137, ¶ 15, 962 P.2d 1212, ¶ 15; *In re Marriage of Martin* (1994), 265 Mont. 95, 99, 874 P.2d 1219, 1222.

¶7 The sole issue on appeal is whether the District Court abused its discretion in denying William's motion to set aside the default judgment. The standard for setting aside a default judgment is well-established. Rule 55(c), M.R.Civ.P., provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The moving party must first satisfy the "good cause" criteria under Rule 55(c) to set aside an entry of default; if a party cannot established "good cause," then the district court need go no further. Rule 60(b), which provides the criteria for setting aside a default judgment, is only applied after the entry of default itself, is set aside. *See In re Marriage of Winckler*, 2000 MT 116, ¶ 17, 299 Mont. 428, ¶ 17, 2 P.3d 229, ¶ 17.

3

¶8      In order to establish "good cause," the defendant must show the following: (1) he proceeded with diligence to set aside the default; (2) his neglect was excusable; (3) the judgment will be injurious to him if allowed to stand; and (4) he has a meritorious defense to the plaintiff's cause of action. *Martin,* 265 Mont. at 99, 874 P.2d at 1222 (citing *Blume v. Metropolitan Life Ins. Co.* (1990), 242 Mont. 465, 467, 791 P.2d 784, 786). While judgments by default are not favored, the burden of proof rests with the defendant seeking to set aside the default. *See Martin*, 265 Mont. at 99, 874 P.2d at 1222. ¶9      With these legal precepts in mind, we turn to the case at bar. William must first establish that good cause existed to set aside the entry of default pursuant to Rule 55(c). William contends that his failure to appear falls squarely on his counsel's shoulders because his counsel both failed to notify him of the hearing and failed to mark the hearing on his own calendar. However, shifting responsibility to his counsel will not excuse William's failure to appear. As a general rule, an attorney's neglect is attributable to his or her client*, see Myers v. All West Transport* (1988), 235 Mont. 233, 236, 766 P.2d 864, 866; however, an exception to this rule is recognized when a defaulting party is abandoned by his or her attorney. *See Lords v. Newman* (1984), 212 Mont. 359, 367-68, 688 P.2d 290, 295. Such is not the case here.

¶10     Counsel's failure to notify his client, and his failure to calendar a hearing, for which he received notice, does not constitute "excusable neglect." Forgetfulness is not a sufficient basis for vacating a default judgment. *See Uffleman v. Labbitt* (1968), 152 Mont. 238, 244, 448 P.2d 690, 694; *Schalk v. Bresnahan* (1960), 138 Mont. 129, 132, 354 P.2d 735, 736. Therefore, because William has not shown "good cause" under Rule 55(c), we hold that the

4

District Court did not abuse its discretion in not setting aside William's entry of default, and in turn, the default judgment. Accordingly, we affirm the District Court's denial of his motion to set aside the default judgment.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

Justice Patricia O. Cotter specially concurs.

¶11    I concur in the court's Opinion for the reasons set forth, *and* because William has not demonstrated he has a meritorious defense to the plaintiff's cause of action.  As the District Court points out in its order denying William's motion to set aside the default judgment, the court's findings of fact and conclusions of law adopting a parenting plan and setting child support ". . . comport with the historic pattern of parenting, and . . . set child support in an amount less than what Respondent (William) had earlier promised to pay."  While William may disagree with the court's findings of fact and conclusions of law, he has failed to demonstrate a meritorious defense sufficient to set the judgment aside.  I would take this failure into account, in addition to the lack of excusable neglect, in affirming the court's denial of William's motion to set aside the judgment.


                                        /S/ PATRICIA COTTER


Chief Justice Karla M. Gray joins in the foregoing special concurrence.


                                        /S/ KARLA M. GRAY