No. 13700

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA ex rel.,
BRUCE A. KOSENA, d/b/a THE PUB,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
LEWIS AND CLARK, THE HONORABLE
ARNOLD OLSEN, Judge presiding.

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Smith and Harper, Helena, Montana
Robert T. Cummins, Helena, Montana

---

Submitted: February 10, 1977

Decided: FEB 22 1977

Filed: FEB 22 1977

*Thomas J. Kearney*
Clerk

PER CURIAM:

The application for a writ of supervisory control to review and reverse the district court's denial of summary judgment to relator is denied and this proceeding dismissed.

For the benefit of counsel practicing before this Court in future proceedings we set forth the following reasons for this denial and dismissal. An order denying summary judgment is not an appealable order. Rule 1, M.R.Civ.App.P. Such an order is reviewable on appeal from a final judgment. Rule 2, M.R.Civ. App.P. To permit review of such order prior to final judgment through the device of supervisory control or other extraordinary writ is to accomplish indirectly that which cannot be done directly.

An order denying summary judgment is nonappealable in the absence of a statute authorizing such appeal. 10 Wright & Miller, Federal Practice & Procedure: Civil §2715; 6 Pt.2 Moore's Federal Practice, ¶56.21[2]; Switzerland Cheese Asso. v. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L ed 2d 23; United States v. Florian, 312 U.S. 656, 61 S.Ct. 713, 85 L ed 1105, rehearing denied 312 U.S. 715, 61 S.Ct. 738, 85 L ed 1145. Also see: Anno: Reviewability of Federal Court's Denial of Motion for Summary Judgment, 17 L ed 2d 886.

Under state summary judgment procedures, the vast majority of cases have held likewise. See: Reviewability of Order Denying Motion for Summary Judgment, 15 ALR3d 899, 902, for a collection of cases from state jurisdictions; 4 Am Jur 2d, Appeal & Error, § 104.

The reason for the rule is that an order denying summary judgment is interlocutory in character, not res judicata (Fraser v. Doing, 130 F.2d 617) and subject to later review if circumstances warrant:

"* * * And if good reason is shown why the prior ruling is no longer applicable or for some other reason should be departed from, the court and and should entertain a renewed motion in the interest of effective judicial administration."  6 Moore's Federal Practice, ¶56.14[2], p. 56-363.

Also see:  Brown v. Midland National Bank, 150 Mont. 422, 435 P.2d 878 and cases cited therein.

We consider that in the usual case good judicial administration requires freedom of action by the district court prior to trial and noninterference on our part at this stage.

In the absence of extraordinary and compelling circumstances beyond simply requiring a party to proceed to trial, we decline to review the order of the district court denying summary judgment by supervisory control or other extraordinary writ.  It would assist counsel and this Court immeasurably if the district courts would indicate their reasons for denial of summary judgment in future cases.

_____
Chief Justice

_____

_____

_____

_____
Justices.

- 3 -