No. 98-037

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 148N


MIKE SIMONITSCH and BETTY SIMONITSCH,
husband and wife,

Petitioners and Appellants,

v.

F & R RANCHES, INC., and LEO H. STERNS
and MARY STERNS, husband and wife;
ex rel. Sixteenth Judicial District Court,

Defendants and Respondents.



APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Carter,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Richard O. Harkins, Attorney at Law; Ekalaka, Montana

For Respondents:

James T. Carr, Carr Law Firm, P.C.; Miles City, Montana



Submitted on Briefs: April 23, 1998

Decided:   June 9, 1998
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      The plaintiffs, Mike and Betty Simonitsch, filed a petition in the District Court for the Sixteenth Judicial District in Carter County to quiet title to an easement over land owned by the defendants, F & R Ranch, Inc., and Leo and Mary Sterns.  The District Court issued a temporary restraining order to enjoin F & R from blocking Simonitschs' use of the easement. F & R moved to dismiss the action, and a hearing was held.  Thereafter, Simonitschs moved for summary judgment.  The District Court construed the motion to dismiss as a motion for summary judgment, denied both summary judgment motions, and denied Simonitschs' motion for a preliminary injunction.  Simonitschs appeal. We dismiss the appeal.

¶3      Simonitschs raise four issues on appeal:

¶4      1.    Is this appeal properly before this Court?

¶5      2.    Did the District Court err when it recharacterized F & R's motion to dismiss as a motion for summary judgment?

¶6      3.    Did the District Court err when it went beyond the complaint to arrive at its decision?

¶7      4.    Did the District Court err when it denied Simonitschs' motion for summary judgment?

                        FACTUAL BACKGROUND

¶8      Mike and Betty Simonitsch own land and a homestead in Carter County.  Betty has lived there since 1958.

¶9      The Simonitschs access their property by two roadways that run across two separate parcels of land owned by F & R Ranches, Inc., and Leo and Mary Sterns, respectively.  A third access which does not cross either neighbors' land also exists, although it is difficult to traverse in wet or snowy weather. Simonitschs have used the roadways for as long as they have lived on the land and contend that the roadways were owned and used by the public prior to and after the current owners acquired the land.

¶10     The parties dispute the nature of the Simonitschs' use of the roadway. Ralph and Mark Bruski, who have an ownership interest in F & R, contend that they have always allowed Simonitschs permissive use of the roadway over

their land.  Simonitschs contend that their use has always been hostile and in violation of the "No Trespassing" signs that Bruskis posted as far back as the 1950s.  It is undisputed that signs were posted to prohibit trespassing, but that the signs were repeatedly torn down.  In addition, it is undisputed that Bruskis were aware of Simonitschs' use of the roadway, and that the two parties communicated on occasion and at times confronted each other about the maintenance and use of the roadway.

¶11  On July 2, 1996, Bruskis informed Simonitschs that their permissive right of access over the F & R Ranch was being withdrawn, based on the perceived abuse of the roadway by Simonitschs.  A week later, Bruskis chained the gate and made passage impossible.  The next day, Simonitschs filed in the District Court a petition to quiet title to a prescriptive easement over Bruskis' and Sternses' land; the petition was later amended to claim another easement over Sternses' land.  When they filed the original petition, Simonitschs received a temporary restraining order to allow for their continued use of the roadway.  The parties stipulated to the use until a show cause hearing was held.

¶12  On August 1, 1996, Bruskis moved to dismiss Simonitschs' claim; in November, they sought a hearing to terminate the stipulation.  The hearing was held in the District Court on January 28, 1997.  Three days later, Simonitschs moved for summary judgment on the basis that the testimony at the hearing entitled them to a prescriptive easement as a matter of law.

¶13  On November 19, 1997, the District Court's memorandum and order recharacterized Bruskis' motion to dismiss as a motion for summary judgment, based on the evidence that the parties had submitted.  The District Court concluded that there were factual matters which precluded either party from judgment, and it denied both motions for summary judgment.  In addition, it rejected Simonitschs' request for a preliminary injunction, and consequently terminated Simonitschs' temporary right to use the roadway.  The decision was based on its conclusion that Simonitschs had failed to show a likelihood that they would ultimately prevail in the matter.

¶14  On January 26, 1998, Simonitschs filed a petition with this Court for supervisory control, in which they requested a temporary injunction to prohibit Bruskis from barring their use of the roadway.  We denied the petition.  This appeal followed.

DISCUSSION

¶15  Is this appeal properly before this Court?

¶16  The Montana Rules of Appellate Procedure establish the type of orders and judgments from which a party may appeal.  A refusal by a district court to grant an injunction is one such order that permits an appeal to this Court.  See Rule 1(b)(2), M.R.App.P.

¶17  Simonitschs contend here that their appeal is from the District Court's

refusal to grant an injunction which would have allowed their use of the roadway until a final determination.

¶18  However, they present no substantive discussion of how the District Court erred when it refused to grant an injunction.  Rather, the substance of their appeal is from the District Court's denial of their summary judgment motion.

¶19  It is well-established that parties may not appeal the denial of a summary judgment motion prior to entry of a final judgment.  See Nutter v. Permian Corp. (1986), 224 Mont. 72, 727 P.2d 1338; State ex rel. Kosena v. District Court (1977), 172 Mont. 21, 560 P.2d 522.  Regardless of how Simonitschs describe their appeal, we conclude that the substance of their appeal is from the District Court's denial of their motion for summary judgment.  Accordingly, at this stage of the proceedings, the appeal is premature.

¶20  We therefore dismiss the appeal and remand this case to the District Court for a final determination of this matter.

/S/  TERRY N. TRIEWEILER

We Concur:

/S/  J. A.  TURNAGE
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART

Justice James C. Nelson specially concurs.

¶21  I concur in our opinion.  I would, in addition to dismissing Simonitschs' appeal, also award F & R its costs and reasonable attorney fees incurred in defending this appeal.  Rule 32, M.R.App.P., allows this Court to award damages to the responding party in a civil case where the appeal was "taken without substantial or reasonable grounds."  It is clear that, here, Simonitschs' appeal of the court's order denying injunction was nothing more than a transparent tactic to actually appeal the court's denial of their motion for summary judgment --which, as we point out, is not an appealable order.  This appeal was wholly frivolous. Simonitschs have wasted the time and money of F & R not to mention the time and resources of this Court.  At the very least, F & R should not have to bear the costs and expense of obtaining the dismissal of an appeal that should never have been filed in the first place.

/S/  JAMES C. NELSON