ORIGINAL

FILED

04/14/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0201

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0201

ROBERT MAFFIT, and the MONTANA
INDEPENDENT LIVING PROJECT,

Petitioners,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY,
HONORABLE KATHY SEELEY, Presiding
Judge,

Respondent.

FILED

APR 14 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Robert Maffit (Maffit) and the Montana Independent Living Project (MILP) seek a writ of supervisory control over the First Judicial District Court in Lewis and Clark County Cause No. CDV-2016-484. They ask this Court to exercise discretionary jurisdiction to reverse the District Court's November 2019 order denying the Petitioners' motion for partial summary judgment on MILP's claim against the City of Helena and dismissing MILP as a party to the action.

Maffit and MILP initially filed a discrimination claim with the Montana Human Rights Bureau alleging that the City had discriminated against them when it reorganized the City bus system. Although they withdrew their initial complaint, Maffit and MILP filed another HRB complaint alleging that the City retaliated against them in violation of the Montana Human Rights Act (Title 49, Chapter 2, MCA), and the Governmental Code of Fair Practices (Title 49, Chapter 3, MCA), when it changed the priorities for funding for capital transportation projects, allegedly disfavoring MILP in response to their prior action. The District Court agreed with the Human Rights Bureau that MILP did not have legal standing to file a retaliation complaint against the City and dismissed MILP as a plaintiff. Maffit's

individual claims for retaliation, violation of 42 U.S.C. § 1983, intentional infliction of emotional distress, and defamation remain pending.

MILP and Maffit claim that supervisory control is appropriate because whether MILP has standing to assert a retaliation claim is an issue of law. They argue that the District Court is proceeding under a mistake of law that forecloses MILP's participation in the case, prejudicing the Petitioners by having to go forward with trial on Maffit's claims alone, without "a necessary party," when appeal of the court's ruling dismissing MILP is inevitable. Because a final order in this case will not be reached until Maffit's claim is adjudicated, the Petitioners argue that the Court should accept jurisdiction to review MILP's claim now.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist: the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). When appeal provides an adequate remedy to review a trial court's alleged mistake of law, supervisory control is not appropriate. And "[i]n the absence of extraordinary and compelling circumstances beyond simply requiring a party to proceed to trial," we generally decline to review by supervisory control an order denying summary judgment. *State ex rel. Kosena v. District Court*, 172 Mont. 21, 22-23, 560 P.2d 522, 523 (1977).

As MILP observes, the District Court's dismissal of one of the two plaintiffs means that there is no final judgment for purposes of direct appeal. That does not necessarily mean, though, that MILP has no adequate remedy. If the Petitioners have appropriate grounds, they may proceed with a motion under M. R. Civ. P. 54(b) before the District Court. That Rule contemplates that, where an order adjudicates fewer than all claims involving all parties, the trial court should review the case first and certify its interlocutory order as final for purposes of appeal only if "the court expressly determines that there is no just reason for delay." M. R. Civ. P. 54(b). Petitioners do not indicate that they have requested such relief. Nor

2

have they demonstrated the urgency required to leap-frog the ordinary appeal process. Petitioners argue that other entities are affected by the HRB's refusal to allow institutional retaliation claims and that, in this case, "there is a scheduling order with deadlines rapidly approaching." Petitioners waited nearly five months to seek extraordinary review of the District Court's order. They may seek extensions in the trial court of any scheduling deadlines.

In sum, having reviewed the petition and exhibits, we conclude that Maffit and MILP have not satisfied the M. R. App. 14(3) criteria for invoking this Court's extraordinary jurisdiction to review the District Court's interlocutory ruling.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide notice of this Order to all counsel of record in the First Judicial District Court's Cause No. CDV-2016-484 and to the Honorable Kathy Seeley, presiding District Court Judge.

DATED this 14 day of April, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3