ORIGINAL

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0387

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0387

KATHY WESTPHAL and DOUGLAS
WESTPHAL,

Petitioners,

v.

MONTANA ELEVENTH JUDICIAL DISTRICT
COURT, HON. ROBERT ALLISON, Presiding,

Respondent.

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Kathy Westphal and Douglas Westphal seek a writ of supervisory control directing the Eleventh Judicial District Court, Flathead County, to reverse in part its July 28, 2021 Order and Rationale on Motions for Summary Judgment and Spoliation Sanctions in its Cause No. DV-19-310B. Westphals urge this Court to reverse that part of the District Court's Order that "finds [Intervenor and Defendant] Linda Romano's (Romano) express easement claims are not barred by *Res Judicata*, *Collateral Estoppel*, and the Settlement Agreement from Romano's prior easement lawsuit against the Westphals, and dismisses Westphals' breach of contract claim against Romano for breaching the settlement agreement by raising additional claims that were released."

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with

Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.,* No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court,* No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). And "[i]n the absence of extraordinary and compelling circumstances beyond simply requiring a party to proceed to trial," we generally decline to review by supervisory control an order denying summary judgment. *State ex rel. Kosena v. District Court,* 172 Mont. 21, 22-23, 560 P.2d 522, 523 (1977).

Westphals assert the District Court is operating under mistakes of law, causing them a gross injustice, and that these alleged mistakes of law will lead to further erroneous rulings that will render appeal an inadequate remedy. However, aside from conclusory assertions with citations to cases that set forth statements of these rules, Westphals offer no analysis or argument explaining why the rulings cause them a gross injustice or how— aside from having to defend against Romano's claims—these interlocutory summary judgment rulings render the normal appeal process inadequate. The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22,* No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. 11th Judicial Dist. Court,* 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). Westphals have not met their burden in this case.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Eleventh Judicial District Court, Flathead County, Cause No. DV-19-310B, and the Honorable Robert Allison, presiding Judge.

DATED this 17ᵗʰ day of August, 2021.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3